UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

CHERI LYN DEARY,

    Plaintiff,

vs.

GREAT LAKES ACQUISITION CORP.
d/b/a GREAT LAKES CARING and
GREAT LAKES HOME HEALTH SERVICES INC.

    Defendants.

_____/
E. Powell Miller (P39487)
Marc L. Newman (P51393)
Kevin F. O'Shea (P40586)
The Miller Law Firm, P.C.
950 West University Drive, Suite 300
Rochester, Michigan 48307
(248) 841-2200
epm@millerlawpc.com
mln@millerlawpc.com
kfo@millerlawpc.com
www.miller.law
_____/

# COMPLAINT

Plaintiff Cheri Lyn Deary, by her attorneys, The Miller Law Firm, P.C., and for her Complaint, states as follows:

## INTRODUCTION

1.    Defendants have engaged in a campaign to harass Ms. Deary and several of her affiliates and to improperly use the judicial process to renegotiate a

Case 2:21-cv-11587-PDB-APP   ECF No. 1, PageID.2   Filed 07/07/21   Page 2 of 8

contract with Ms. Deary to obtain concessions Defendants failed to negotiate for and obtain when Ms. Deary separated from her employment with Defendants in April 2017.

2. As part of that campaign, Defendants have filed approximately six lawsuits against former employees of Defendants, as well as Ms. Deary's son-in-law's company, causing them to incur unnecessary legal fees, all with the intent to try to use the courts to impair Ms. Deary from engaging in business activities in which she is properly entitled to engage. Specifically, Ms. Deary is a former employee of Defendant Great Lakes Acquisition Corp., and at the time she separated, she entered into a separation agreement that included certain limited-scope noncompetition and non-solicitation restrictions, all of which expired in April 2019. Ms. Deary took care not to engage in conduct that was violative of her restrictions. Yet, no good deed goes unpunished: Defendants are now attempting to manipulate and twist facts to harass her and make it appear that she violated these restrictions.

3. Defendants are now threatening to bring suit against Ms. Deary – for a second time, albeit in a court which they know is an improper forum. Defendants are attempting to join her as a party to an existing lawsuit in Jackson County Circuit Court in an attempt to fraudulently defeat diversity jurisdiction and avoid jurisdiction before this Court, which presided over a prior lawsuit between the

parties herein.  However, this Court is the proper forum for claims between the parties.

## PARTIES, JURISIDICTION AND VENUE

4. Plaintiff Cheri Lyn Deary is a citizen of the State of Florida.

5. Defendant Great Lakes Acquisition Corp. d/b/a Great Lakes Caring is a Delaware corporation with its principal place of business in Dallas, Texas or Jackson, Michigan.

6. Defendant Great Lakes Home Health Services Inc. is a Michigan corporation with its principal place of business in Dallas, Texas or Jackson, Michigan.

7. Defendants conduct business in this District.

8. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332.

9. There is a prior matter filed in this Court involving Plaintiff and Defendant Great Lakes Acquisition Corp. related to the allegations as alleged herein, entitled *Great Lakes Acquisition Corp. d/b/a Great Lakes Caring v. Cheri Lynn Deary*, E.D. Michigan Case No. 2:19-cv-11502-LJM-RSW assigned to the Hon. Laurie J. Michaelson.  That case was dismissed without prejudice by an Opinion and Order dated October 4, 2019.

10. By virtue of the prior action between the parties, this Court is the proper forum for any case or controversy between the parties.

## BACKGROUND FACTS

11. Cheri Lyn Deary is a former founder and employee of Great Lakes Home Health Services, Inc., which she created with her husband, William Deary, in 1994, growing the company into a national home health care network with over 2,600 employees. In 2014, she sold all of her stock to a private equity firm, but she remained employed by the company. At some point, Great Lakes Home Health Services, Inc. became known as Great Lakes Caring, which was acquired by Defendant Great Lakes Acquisition Corp., an affiliate of Blue Wolf Capital Partners. Great Lakes Acquisition Corp. is, together with other affiliated companies, commonly known as Elara. At that time Great Lakes Caring was acquired by Blue Wolf, Ms. Deary was not a shareholder or owner of the company but was merely an employee.

12. After taking control of the Company, Blue Wolf dramatically mismanaged the company, causing hundreds of employees to be terminated or to become disaffected and quit. Indeed, Blue Wolf's prioritizing of profits over patient care resulted in 60 employees being terminated in a single day. Ms. Deary remained a faithful employee of Elara up until 2017, when she was

unceremoniously placed on "garden leave" for no reason other than her husband, who was then acting as CEO, submitted his resignation.

13.　Ms. Deary had not been previously advised of any performance issues, written up for improvement or any other negative review, and had no prior notice of being put on "garden leave". Upon the abrupt termination of her employment, she entered into a settlement agreement in April 2017 that contained various restrictive covenants that were limited in scope. All of those restrictions expired in April 2019.

14.　Since that time, Defendants have embarked on a strategy of harassment against her and several of her former co-workers and associates, and a business owned by her son-in-law. Defendants have filed the following litigation matters against former employees and associates of Ms. Deary:

- *Great Lakes Acquisition Corp. v. Paradigm Living Concepts, LLC, Amy Stone and Mitasha Owens*, No. 20-cv-10781 (E.D. Mich., Hon. B. Friedman) (pending)

- *Great Lakes Acquisition Corp. v. Natasha (Oginsky) Sanders,* No. 21-cv-10143 (E.D.Mich., Hon. R. Cleland) (pending)

- *Great Lakes Acquisition Corp. d/b/a Elara Caring v. Thomas Roncelli and Careline Health Group-MI LLC,* 2020-180056-CB (Oakland County Cir. Court, Hon. M. Warren) (pending)

- *Great Lakes Home Health Services, Inc. and Great Lakes Acquisition Corp., dba Elara Caring v. Carolyn Ewing, Kasey Stump, Care Evolutions Consulting, LLC, Careline Health Group-MI LLC, and Careline Holdco LLC*, No. 2020-888-CB (Jackson County, Michigan) (pending)

- *Great Lakes Home Health Services, Inc., d/b/a Elara Caring v. Brandi Vandeusen, Careline Health Group-MI, LLC, Careline Palliative Care, PLLC, and Careline Holdco, LLC*, No. 20-154-CB (Ingham County Circuit Court, Hon. J. Draganchuk) (pending)

- *Great Lakes Acquisition Corp., d/b/a Elara Caring v. Joseph Mooney and St. Croix Hospice, LLC*., No. 20-180059-CB (Oakland County Circuit Court, Hon. Michael Warren) (pending but apparently resolved)

15. Defendants have taken Ms. Deary's deposition in at least two of the above matters.

16. Ms. Deary at all times attempted to carefully conduct business so as to honor the restrictive covenants contained in her settlement agreement. That has not deterred Defendants. They have sought to bring new claims against Plaintiff in state court, including for allegedly breaching the noncompetition and nonsolicitation restrictions that expired in April 2019. They also wrongfully claimed that Ms. Deary has ownership or control over DEM Holdings Group, LLC, which she does not.

17. Despite the related prior litigation between the parties in this Court, Defendants have attempted to circumvent this Court's jurisdiction by seeking to file claims against her in State court. However, this Court is the proper forum for the resolution of controversies between the parties.

## COUNT I – DECLARATORY RELIEF

18. Plaintiff realleges all paragraphs as if fully restated herein.

19. There is a case or controversy between the parties that is ripe for adjudication by this Court relating to the April 2017 Settlement Agreement.

20. However, all the restrictions in the April 2017 Settlement Agreement have expired, Plaintiff has not breached any terms of the Settlement Agreement, and Defendants' claims that they threatened to file in State court are not valid.

21. WHEREFORE, Plaintiff requests a judgment in her favor and against Defendants:

1. Declaring that the restrictions contained in Plaintiff's April 2017 Settlement Agreement have all expired.

2. Declaring that Plaintiff has not breached any of the terms of her April 2017 Settlement Agreement.

3. Declaring that Defendants do not have valid claims against her, including the claims they are threatening to bring in State court.

4. Awarding Plaintiff her costs and attorneys' fees for having to bring this action.

                Respectfully submitted,

                **The Miller Law Firm, P.C.**
                Attorneys for Plaintiff

                */s/ Marc L. Newman*
                E. Powell Miller (P39487)
                Marc L. Newman (P51393)
                Kevin F. O'Shea (P40586)
                950 West University Drive, Suite 300
                Rochester, Michigan 48307
                (248) 841-2200
                epm@millerlawpc.com
                mln@millerlawpc.com
                kfo@millerlawpc.com
                www.miller.law

Dated:  July 7, 2021