## dUNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

CHERI LYN DEARY,

     Plaintiff,

v.

GREAT LAKES ACQUISITION
CORP. d/b/a GREAT LAKES
CARING and GREAT LAKES
HOME HEALTH SERVICES INC,

     Defendants.

Case No. 2:21-cv-11587

Hon. Laurie J. Michelson

Magistrate Judge Anthony P. Patti

---

THE MILLER LAW FIRM, P.C.
By: E. Powell Miller (P39487)
    Marc L. Newman (P51393)
    Kevin F. O'Shea (P40586)
950 West University Drive, Suite 300
Rochester, Michigan 48307
(248) 841-2200
epm@millerlawpc.com
mln@millerlawpc.com
kfo@millerlawpc.com

KIENBAUM HARDY VIVIANO
PELTON & FORREST, P.LC.
By: Eric J. Pelton (P40635)
    Thomas J. Davis (P78626)
Attorneys for Plaintiffs
280 N. Old Woodward Ave. Ste. 400
Birmingham, MI 48009
(248) 645-0000
epelton@khvpf.com
tdavis@khvpf.com

---

## DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S IMPROPER "RACE TO THE COURTHOUSE" DECLARATORY JUDGMENT ACTION

Defendants Great Lakes Acquisition Corp. and Great Lakes Home Health Services, Inc. respectfully move this Court for an order dismissing Plaintiff Cheri Lyn Deary's complaint, which was filed in an admitted effort to preempt a then-pending motion to amend Elara's complaint in Jackson County Circuit Court in Jackson, Michigan that sought to add Deary as a Defendant and to bring claims against her arising out of misconduct that occurred in the context of the pending Jackson County suit. And now, a state-court suit asserting those claims has been filed, and assigned to the same judge. In support of the motion, Defendants state:

1.      Great Lakes Acquisition Corp. and Great Lakes Home Health Services, Inc. (formerly known as "Great Lakes Caring," and which now operates under the trade name of "Elara Caring" and are referred to as "Elara" herein) are the plaintiffs in *Great Lakes Home Health Services, Inc. and Great Lakes Acquisition Corp. v. Carolyn Ewing, Kasey Stump, Care Evolutions Consulting LLC, Careline Health Group-MI LLC, and Careline Holdco LLC*, Case No. 20-888-CB, pending in Jackson County Circuit Court in Jackson, Michigan.

2.      The lawsuit alleged, among other things, that the Careline Defendants tortiously interfered with the contracts of individual defendants Stump and Ewing, who had signed restrictive covenants with Elara.

3.      Cheri Lyn Deary was the co-founder of Great Lakes, who—after selling her interests to Elara—signed a restrictive covenant prohibiting her from working

for an Elara competitor or soliciting Elara employees. She is the mother-in-law of Careline's CEO Joe Mead, which started up shortly after Deary left Elara.

4.      A few weeks ago, the Jackson County defendants disclosed text messages and other evidence unequivocally proving that Deary solicited one or more of the individual defendants in that action to work for her son-in-law's purported company Careline, which was a breach of Deary's agreement with Elara.

5.      On June 25, 2021, Elara filed a motion to amend its complaint in the Jackson County action to add Deary as a defendant and to bring additional claims related to her tortious interference with Stump and Ewing's contracts, and related to the breach of Deary's contract and tortious interference with Deary's contract.

6.      The hearing on Elara's motion was set for Friday, July 9, 2021.

7.      On Wednesday, July 7, 2021—two days before the hearing on the motion to amend—Deary filed the present, bare-bones declaratory judgment action and a few hours later filed an opposition to the motion to amend, claiming that under Michigan procedural rules, the federal declaratory judgment action precluded Elara from suing her in state court.

8.      The state court declined to permit Elara to amend the existing complaint, citing concern for the two individual defendants in the case, but rejected Deary's attempt to block a new state court filing—stating on the record that Elara had "every right to file a new civil action" in Jackson County Circuit Court, and that

the Court would be "very receptive" to a motion to join the two cases together once the individual defendants' claims were resolved.

9.     Elara has since filed its substantive lawsuit in Jackson County Circuit Court, *Great Lakes Home Health Services, Inc. and Great Lakes Acquisition Corp. v. Cheri Lyn Deary, Careline Health Group-MI LLC, and Careline Holdco LLC*, Case No. 21-2534-CB.

10.     It is well-established under Sixth Circuit law that it is improper for a party to file a race-to-the-courthouse declaratory judgment action when the filing party knows that it is about to be sued in another jurisdiction. The declaratory judgment act is not intended as a vehicle to deprive a natural plaintiff of its selected forum, or a vehicle for "procedural fencing." Dismissal is appropriate when the declaratory judgment act is being abused in this fashion.

11.     Likewise, the bare-bones complaint contains almost no facts other than conclusory statements that Deary had a contract with Elara and did not breach it. Instead, it mostly contains scurrilous accusations directed at Elara, and includes misrepresentations and material omissions of fact. It should also be dismissed for failure to state a claim.

12.     The Sixth Circuit law on abuse of a declaratory judgment action is well-established, and this case was admittedly filed for the improper purpose of interfering with a state court's pending docket.

13.    On multiple occasions, including at the Jackson County Circuit Court hearing discussed *supra*, counsel for Elara explained the nature of the motion and the relief it would be seeking. Deary's counsel denied concurrence and refused to withdraw the complaint, necessitating this motion.

KIENBAUM HARDY VIVIANO
PELTON & FORREST, P.LC.

/s/ *Thomas J. Davis*
By:    Eric J. Pelton (P40635)
        Thomas J. Davis (P78626)
Attorneys for Defendants
280 N. Old Woodward Ave. Ste. 400
Birmingham, MI  48009
(248) 645-0000
epelton@khvpf.com
Dated: July 19, 2021        tdavis@khvpf.com

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

CHERI LYN DEARY,

       Plaintiff,

v.

GREAT LAKES ACQUISITION
CORP. d/b/a GREAT LAKES
CARING and GREAT LAKES
HOME HEALTH SERVICES INC,

       Defendants.

Case No. 2:21-cv-11587

Hon. Laurie J. Michelson

Magistrate Judge Anthony P. Patti

---

THE MILLER LAW FIRM, P.C.
By: E. Powell Miller (P39487)
    Marc L. Newman (P51393)
    Kevin F. O'Shea (P40586)
950 West University Drive, Suite 300
Rochester, Michigan 48307
(248) 841-2200
epm@millerlawpc.com
mln@millerlawpc.com
kfo@millerlawpc.com

KIENBAUM HARDY VIVIANO
PELTON & FORREST, P.L.C.
By:  Eric J. Pelton (P40635)
    Thomas J. Davis (P78626)
Attorneys for Plaintiffs
280 N. Old Woodward Ave. Ste. 400
Birmingham, MI  48009
(248) 645-0000
epelton@khvpf.com
tdavis@khvpf.com

---

## DEFENDANTS' BRIEF IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S IMPROPER "RACE TO THE COURTHOUSE" DECLARATORY JUDGMENT ACTION

## Statement of the Issues Presented

1. Two days before a state court was to hear Elara's motion to add Cheri Lyn Deary as a defendant, Deary filed this declaratory judgment action asking the Court to declare the pending state claims against her are invalid. Elara has since filed its state-court suit. Because the Sixth Circuit has held that declaratory judgment actions filed to preempt a coercive suit by the natural plaintiff serve no purpose, should the Court dismiss this action?

2. All lawsuits, including declaratory judgment lawsuits, must contain enough factual material to state a claim under the *Iqbal*/*Twombly* standard. Here, Deary's complaint claims that she had a contract with Elara and did not breach it, but contains no other facts—including facts about the conduct at issue or facts showing why her unspecified conduct did not constitute a breach. Should the complaint be dismissed for failure to state a claim?

## Table of Contents

Statement of the Issues Presented ................................................................. i

Controlling or Most Appropriate Authorities ........................................... iii

Introduction ..................................................................................................1

Background ...................................................................................................2

Argument ......................................................................................................6

I.      The Court should dismiss Deary's improperly-filed action
        designed to deprive Elara of its preferred forum, and for
        procedural gamesmanship. ..............................................................6

        A.      Judgment here will not settle the controversy. ......................6

        B.      This action serves no useful purpose in clarifying legal
                issues. .....................................................................................7

        C.      This action was filed as an act of procedural
                gamesmanship. ........................................................................8

        D.      This action was intended to cause friction with state
                court. ......................................................................................9

        E.      The coercive state action is a more effective alternative. ...................11

II.     The bare-bones federal action also fails to state a claim. ..............13

III.    Deary makes numerous misrepresentations and omissions in
        this federal declaratory judgment action. ......................................15

        CONCLUSION ....................................................................................18

## Controlling or Most Appropriate Authorities

**Cases**

*Alexander v. Elec. Data Sys. Corp.*,
  13 F.3d 940 (6th Cir. 1994) ...................................................16

*American Home Assurance Co. v. Evans*,
  791 F.2d 61 (6th Cir.1986) ...................................................10

*AmSouth Bank v Dale*,
  386 F.3d 763 (6th Cir. 2004) ........................................ passim

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009)..............................................................13

*Bell Atlantic Corp. v. Twombley*,
  550 U.S 544 (2007)...............................................................13

*Bituminous Cas. Corp. v. J & L Lumber Co.*,
  373 F.3d 807 (6th Cir. 2004) .................................... 7, 10, 11

*Colorado River Water Conservation Dist. v. U.S.*,
  424 U.S. 800 (1976)..............................................................11

*Comau, LLC v. Bayview Elec. Co., LLC*,
  No. 20-12865, 2021 WL 1037728 (E.D. Mich. Mar. 17, 2021)..........................11

*Kondaur Cap. Corp. v. Smith*,
  802 F. App'x 938 (6th Cir. 2020)..........................................13

*N314MG, LLC v. Kitchens*, No. 2:17-cv-13177,
  2018 WL 3109588 (E.D. Mich. Jun. 25, 2018) ...................11

*Robinson v. V&S Detroit Galvanizing, LLC*,
  195 F. Supp. 3d 916 (E.D. Mich. 2016) ..............................13

*Romine v. Compuserve Corp.*,
  160 F.3d 337 (6th Cir. 1998) ...............................................11

*Scottsdale Ins. Co. v. Flowers*,
  513 F.3d 546 (6th Cir. 2008) ...............................................11

*Wilton v. Seven Falls Co.*,
   515 U.S. 277 (1995)..............................................................................................6

**Statutes**

Mich. Comp. Law § 445.774a ..............................................................................10

## Introduction

*Two days* before a Jackson County Circuit Court judge was to adjudicate Elara's motion to amend its complaint to add claims against Cheri Lyn Deary that were indisputably tied in with claims in a pending action in Jackson County, Deary filed this declaratory judgment action, asking the federal court to declare that "Defendants' claims that they threatened to file in State court are not valid." ECF No. 1, Compl. ¶ 20. A few hours later, they filed a brief in Jackson County Circuit Court claiming that this federal action precluded the State court from granting Elara's request to add Deary as a party there. And despite being notified that as a matter of binding Sixth Circuit law the declaratory judgment action was improper, Deary's counsel refused to dismiss this action.

Ultimately, Deary's attempt to prevent this lawsuit from being filed in Jackson County Circuit Court was unsuccessful: the Court denied leave to amend for unrelated reasons, but acknowledged that Elara could file a new state-court lawsuit and would be amenable to a future consolidation of the two state court cases. Elara has now done so. But Deary's counsel made clear that this lawsuit would continue to be used as a weapon to obstruct any further state-court litigation. This hastily-filed declaratory judgment action should be dismissed.

## Background

Cheri Lyn Deary is the co-founder and former owner of Elara, which was then known as Great Lakes Caring. Elara operates throughout the Midwest, Northeast, and Southern United States and provides the highest quality comprehensive care continuum of personal care, skilled home health care, hospice care, and behavior health for its patients. *See* Ex. A, Elara's State Complaint ¶ 9. After selling her interests in Great Lakes for a substantial sum, and accepting more money upon separating from the company in April of 2017, Deary signed an agreement that contained a series of restrictive covenants. *Id.* ¶ 20. Careline Health Group ("Careline") was formed in late 2018 and was a direct competitor of Great Lakes' in Deary's (and Great Lakes's) hometown of Jackson, Michigan.[1] *Id.* ¶ 65. Careline is purportedly owned and operated by Deary's son-in-law, Joseph Mead, who was fresh out of graduate school and had no prior experience in hospice or even in healthcare generally. *Id.* ¶¶ 4, 5, 70. And in Careline's articles of organization filed with the state, Deary was listed as Careline's registered agent. *Id.* ¶ 65.

In May 2019, Elara filed a lawsuit against Deary for breach of her non-competition agreement, based on her status as Careline's registered agent. *See Great Lakes Acquisition Corp. v. Deary*, No. 2:19-cv-11502 (E.D. Mich. 2019). In a

---

[1] The first Careline entity was formed in the fall of 2017 in Pennsylvania. *See* Ex. A, State Court Complaint ¶ 64.

motion to dismiss, Deary told the Court, among other things, that "Plaintiff has not alleged (because it cannot)… that [she] has ever been employed by Careline" or "that [she] as ever worked as a consultant or independent contractor for Careline." *See Great Lakes v. Deary*, No. 2:19-cv-11502, Brief in Support of Motion to Dismiss, Docket No. 3, at p. 2). The court dismissed the complaint without prejudice—primarily relying on the fact that evidence regarding Deary's violations of the agreement were pleaded "on information and belief." *Great Lakes v. Deary*, No. 2:19-cv-11502, Dkt. No. 13.

Although Deary's representations to the federal court—which are inconsistent with recently-disclosed evidence, *see infra*—were sufficient to obtain dismissal of that lawsuit, Elara was still facing the reality that Careline (and other Deary-affiliated entities) were poaching numerous Elara employees who were subject to restrictive covenants. *See* Ex. A, Elara's State Court Complaint ¶ 97. This included former Elara employees Carolyn Ewing and Kasey Stump, both of whom worked for other Deary-affiliated entities immediately after leaving Elara, and eventually joined Careline, all in violation of their restrictive covenants. Elara brought suit against Stump, Ewing, and Careline in Jackson County Circuit Court. *See* Ex. B, *Stump* Second Amended Complaint. Elara filed document requests in the *Ewing* matter in June 2020, but it took a motion to compel, a court order, and a second motion to enforce that order before Defendants produced responsive documents

related to the solicitation of their employment. *See* Ex. C, Order on Motion to Enforce. It was not until May 2021 that responsive documents started trickling in.

In that long-delayed discovery—produced the day before Stump's deposition, but after Ewing's deposition—were text messages between Cheri Lyn Deary and Stump, and between Ewing and Stump. These texts prove that Deary, during a time when she was still under her non-compete and non-solicitation obligations to Elara, directly solicted Stump to leave Elara and work for Careline and another Deary-related entity, St. Croix Hospice ("St. Croix"), which directly competes with Elara. *See* Ex. A, State Complaint ¶¶ 76-78. Calendar entries reflected meetings at Deary's home and the office of a company with which she is affiliated, DEM Holdings.[2] *Id.* ¶ 74. Stump and Ewing testified that Deary was personally involved in their solicitation and recruitment to Careline and St. Croix. Ex. D, Stump Dep. 169-70; Ex. E, Ewing Dep. 113. Ewing confirmed that Deary introduced her to St. Croix. Ex.

---

[2] Discovery in the *Ewing* case has also shown that an entity named DEM Holdings Group, LLC is the ultimate owners of the Careline companies. While Joseph Mead claims to be the sole member of DEM Holdings Group, LLC, and Deary alleges in this declaratory judgment action that she does not have "ownership or control" over it, it is clear that Deary is also affiliated with DEM Holdings in some way. Numerous documents produced in the *Ewing* matter state or list Deary as part of DEM Holdings, and Deary has conducted business on behalf of St. Croix and Careline from the email address cheri@demholdings.com. *See* Ex. A, State Complaint ¶¶ 62, 68-69. In the *Ewing* matter, Deary improperly refused to answer *any* questions related to DEM Holdings, thus forming part of the basis for Judge LaFlamme's order that she sit for another deposition. *See* Ex. M at 6-7, 13-14, 28

E, Ewing Dep. 24-25. And, ultimately, Deary was listed as Stump's Careline supervisor at on Careline's own documents. *See* Ex. A, State Complaint ¶ 91.

Based on this newly-discovered evidence of Deary's tortious interference with Ewing's and Stump's contracts and her violation of her own restrictive covenants (both by soliciting Elara employees and performing work for Elara competitor Careline), Elara sought to amend its state-court complaint to add Deary as a defendant and to add new claims. On July 7, two days before a hearing on Elara's motion for leave to add Deary as a defendant, Deary's counsel filed the present federal action and then a brief in the state court claiming that amending the complaint would be "futile" because the federal declaratory judgment action would require any state-court complaint's dismissal. Ex. F, Deary's State-Court Opp. Elara then filed a motion for leave to file a brief in state court citing the controlling Sixth Circuit authority that supported Elara's position. Ex. G, Pl's Mot. and Draft Br 1-2.

The state circuit court denied leave to amend on grounds unrelated to Deary's futility argument, citing concern over delaying a resolution over the individual defendants' claims. But the court acknowledged that Elara could file a new state-court lawsuit and that it would be receptive to a motion to consolidate the two state-court cases in the future once limited to Deary and the corporate defendants. Ex. H, July 9 Hr'g Transcript 25-26. Consistent with the Circuit Court ruling, Elara filed a separate state-court complaint against Deary and Careline in Jackson County Circuit

Court on July 15, 2021. Ex. A, State Complaint. That Complaint alleges claims against Deary and Careline related to Deary's breaches of her own contract and Careline's tortious interference with the same. The alleged misconduct occurred in Jackson County; it involved a Jackson County based-company; and it involves witnesses who live or work in Jackson County. *See id.* ¶¶ 2-5.

### Argument

I.  **The Court should dismiss Deary's improperly-filed action designed to deprive Elara of its preferred forum, and for procedural gamesmanship.**

The Declaratory Judgment Act gives "federal courts unique and substantial discretion in deciding whether to declare the rights of litigants," and a district court is thus authorized to dismiss a declaratory judgment action "in the sound exercise of its discretion." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 287-88 (1995) (cleaned up). The Sixth Circuit has "adopted a five-factor test to determine when a district court should exercise jurisdiction over a declaratory judgment," *AmSouth Bank v Dale*, 386 F.3d 763, 785 (6th Cir. 2004), and each of those factors warrant dismissal here.

**A. Judgment here will not settle the controversy.**  *First*, the Court must consider "whether the judgment would settle the controversy." *Amsouth Bank*, 386 F.3d at 785-86. A declaratory judgment action cannot settle a controversy if a state-court party "was not made a party to the declaratory judgment action," or if issues

being adjudicated in state court could result in inconsistent judgments. *Bituminous Cas. Corp. v. J & L Lumber Co.*, 373 F.3d 807, 813-814 (6th Cir. 2004).

Elara's state-court complaint alleges, among other things, that Deary tortiously interfered with the contracts of Carolyn Ewing and Kasey Stump by soliciting them for employment at Elara competitor Careline, that these acts are violations of Deary's own contract with Elara, and that Careline tortiously interfered with Deary's contract. Ex. A, State Court Compl. ¶¶ 48-107. By contrast, the bare-bones declaratory judgment action alleges only that Deary did not breach her own contract; it says nothing about tortious interference and does not include Careline as a party. *See* ECF No. 1, Compl. ¶ 2. Careline is directly involved with the claims and controversy herein, and without Careline the issues between Elara and Deary cannot be resolved. The declaratory judgment complaint invites inconsistent judgments regarding Deary and her conduct, including whether Deary improperly solicited Stump or Ewing, whether Deary worked for or acted as Careline's agent, whether Careline interfered with Deary's contract, and the like. Dismissal of this declaratory judgment action is warranted under this factor.

**B. This action serves no useful purpose in clarifying legal issues.** Next, a court must ask whether the declaratory judgment action would serve a useful purpose in clarifying the legal relations at issue." *Amsouth Bank*, 386 F.3d at 785. Under this factor, "when a putative tortfeasor sues an injured party for a declaration of

nonliability, courts will decline to hear the action in favor of a subsequently-filed coercive action by the 'natural plaintiff.'" *Id.* at 786. The only exception is when the plaintiff can allege tangible harm *while she is waiting* for the natural plaintiff to sue—meaning that when a "pending coercive action exists," this "factor weighs heavily against the exercise of jurisdiction." *Id.*

That is the case here—Elara had already sought leave to amend its state-court complaint to bring a "coercive action" against Deary, and that action has since been filed and includes the appropriate parties. Ex. A, State Complaint. Because there is a pending coercive action available for Deary to litigate her allegations that Elara's state-court claims are invalid, this factor "heavily" weighs in favor of dismissal.

**C. This action was filed as an act of procedural gamesmanship.** The next factor is "whether the declaratory remedy is being used merely for the purpose of 'procedural fencing' or 'to provide an arena for a race for res judicata.'" *Amsouth Bank*, 386 F.3d at 785. With respect to this factor, "[c]ourts take a dim view of declaratory plaintiffs who file their suits mere days or weeks before the coercive suits filed by a 'natural plaintiff' and who seem to have done so for the purpose of acquiring a favorable forum." *Id.* at 788. A "declaratory action whose only purpose is to defeat liability in a subsequent coercive suit" serves "no real value." *Id.* And with respect to this factor, the "question is not which party has chosen the better forum, but whether the declaratory plaintiff has filed in an attempt to get her choice

of forum by filing first. That a particular forum is better or worse is irrelevant in answering that factual question." *Id.* at 789.

Here, there is no question that this declaratory judgment action was filed "to get her choice of forum by filing first," *and* to secure a perceived procedural advantage. The complaint *says so* (*see* ECF No. 1, Compl. ¶¶ 3, 17) and upon filing the declaratory judgment, Deary immediately filed a brief in the Jackson County Circuit Court claiming (incorrectly) that this declaratory judgment action should defeat Elara's motion to amend its complaint there. *See* Ex. F, Deary State-Court Opp. 4-5. And while Deary's accusations about Jackson County Circuit Court being an "improper forum" are flat-out false in light of the fact that Deary consented to that forum, *see infra* Part III, her claims that this is the better forum are *irrelevant*. The state court is more than capable of addressing her alleged procedural concerns. This factor too "weighs heavily against entertaining… actions under the Declaratory Judgment Act." *AmSouth Bank*, 386 F.3d at 790.

**D. This action was intended to cause friction with state court.** The fourth factor asks whether "the use of a declaratory action would increase the friction between our federal and state courts and improperly encroach on state jurisdiction." *Id.* at 785. As the Sixth Circuit has stated, "[w]e question the need for such declaratory judgments in federal court when the only question is one of state law and when there is no suggestion that the state court is not in a position to define its own

law in a fair and impartial manner." *American Home Assurance Co. v. Evans*, 791

F.2d 61, 63 (6th Cir.1986). This factor has three sub-factors:

> (1) "whether the underlying factual issues are important to an informed resolution of the case;"
>
> (2) "whether the state trial court is in a better position to evaluate those factual issues than is the federal court;" and
>
> (3) "whether there is a close nexus between the underlying factual and legal issues and state law and/or public policy, or whether federal common or statutory law dictates a resolution of the declaratory judgment action."

*Bituminous Cas. Corp.*, 373 F.3d 807, 814–15 (6th Cir. 2004). The first subfactor

favors dismissal when the key issue in the declaratory judgment action is a

"necessary component" of the state claim. *Id.* The second subfactor favors dismissal

when the dispute involves application of fact to state law or state public policy. *Id.*

And the third subfactor favors dismissal when a case is brought under diversity

jurisdiction and federal law does not provide the rule of decision. *Id.*

All of these factors plainly weigh in Elara's favor. At issue are state-law

claims of breach of contract and tortious interference; the case raises issues of non-

competition agreements which implicate unique state-law public policy questions,

*see* Mich. Comp. Law § 445.774a; and the declaratory judgment action is premised

on diversity jurisdiction, *see* ECF No. 1, Page.ID.2-3, ¶ 3. And beyond that, Deary

has not tried to hide the fact that this lawsuit was explicitly *intended* to create friction

with the state court—it openly demands that this Court declare that Elara's state-

court claims "are not valid," and used this lawsuit as a trump card intended to derail a pending state-court motion hearing.[3] *See id.* ¶ 20. The new state-court suit has already been assigned to the same judge as the *Ewing* matter, and Judge LaFlamme knows the issues well and has already acknowledged potential consolidation of both state-court cases in the future. This factor, too, favors dismissal of the declaratory judgment action.

**E. The coercive state action is a more effective alternative.** Finally, the fifth factor asks whether there is an "alternative remedy that is better or more effective." *AmSouth Bank*, 386 F.3d at 791. This element is "fact specific, involving consideration of the whole package of options available to the federal declaratory plaintiff." *Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 562 (6th Cir. 2008). Thus, the existence of a state-court coercive action where the state-law claims can be immediately adjudicated is a better alternative than a federal declaratory action. *See id.*; *AmSouth Bank*, 386 F.3d at 791; *Bituminous Cas. Corp.*, 373 F.3d at 816. The

---

[3]This naked attempt to interfere with state-court processes also implicates the *Colorado River* abstention doctrine, which permits a Court to decline jurisdiction over substantive parallel litigation when, *inter alia*, the claims involve state law, the state court can protect the federal plaintiff's rights, there is a risk of piecemeal litigation, and the state and federal cases are at a similar level of progress. *Colorado River Water Conservation Dist. v. U.S.*, 424 U.S. 800 (1976); *Romine v. Compuserve Corp.*, 160 F.3d 337, 340 (6th Cir. 1998). This Court has applied the *Colorado River* doctrine under similar circumstances. *See, e.g., Comau, LLC v. Bayview Elec. Co., LLC*, No. 20-12865, 2021 WL 1037728, at *2-4 (E.D. Mich. Mar. 17, 2021); *N314MG, LLC v. Kitchens*, No. 2:17-cv-13177, 2018 WL 3109588, at *4 (E.D. Mich. Jun. 25, 2018).

Sixth Circuit has also considered where the underlying events occurred, where relevant documents are, and where witnesses reside. *AmSouth Bank*, 386 F.3d at 791.

Again, these factors favor dismissal. There is currently a coercive action pending against Deary in state court, involving all of the state-law claims and appropriate parties that Deary glosses over in the federal declaratory judgment action. Unlike the federal declaratory action, the state-court case names all the parties relevant to adjudication of those claims, and specifies the precise claims that Elara is bringing. By contrast, the bare-bones declaratory judgment action refers only to potential breaches of contract, and does not specifically mention tortious interference by Deary, or by Careline with respect to Deary's contract. *See* ECF No. 1. Further, the misconduct occurred in Jackson County, many of the relevant documents are with Careline or Deary's company DEM Holdings in Jackson County, and many witnesses are in Jackson County. While Jackson County is within the Eastern District, it is at the western terminus of the federal court's jurisdiction and Jackson County is a more convenient location.

*     *     *

For the reasons cited, all five factors cited above warrant dismissal. But all five are not even necessary; as the Sixth Circuit most recently held, when the two most important factors of "no useful purpose" and "procedural fencing" weigh in favor of dismissal and the others are at best inconclusive, it is an abuse of discretion

-12-

to proceed with a declaratory judgment action. *AmSouth Bank*, 386 F.3d at 791. Thus, those two weighty factors alone warrant dismissal here—there is a coercive lawsuit pending by the natural-plaintiff Elara, and Deary admittedly filed this lawsuit to try and preempt the state-court action for procedural purposes. The Court should thus dismiss this case.

## II. The bare-bones federal action also fails to state a claim.

A declaratory judgment action, like any other complaint, must "set forth a plausible claim under the standards enunciated in *Iqbal* and *Twombly*." *Robinson v. V&S Detroit Galvanizing, LLC*, 195 F. Supp. 3d 916, 925–26 (E.D. Mich. 2016); *accord generally, e.g.*, *Kondaur Cap. Corp. v. Smith*, 802 F. App'x 938, 943 (6th Cir. 2020). Thus, to avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). A "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombley*, 550 U.S 544, 555 (2007).

Under this standard, Deary's complaint falls far short. Apart from basic jurisdictional facts and invective directed at Elara, *see infra*, it is extraordinarily thin on actual "factual matter." All that appears is this: (1) in 2017, Deary agreed to "various restrictive covenants" that "expired in April 2019," ECF No. 1, PageID.5,

¶ 13; (2) Deary "attempted to carefully conduct business so as to honor the restrictive covenants," *id.* ¶ 16; (3) Elara has "sought to bring new claims against Plaintiff in state court, including for allegedly breaching the noncompetition and nonsolicitation restrictions that expired in April 2019," *id.*; and (4) that Elara "wrongfully claimed that Ms. Deary has ownership or control over DEM Holdings Group, LLC, which she does not," *id.* That is all; from there, she asks for the Court to declare that she has "not breached any of" her restrictive covenants, and that "Defendants do not have valid claims against her, including the claims they are threatening to bring in state court." *Id.* ¶ 21. In short then, Deary's complaint can be fairly summarized as "Elara says I breached my contract, but I didn't do it." No more facts appear.

It is hard to imagine a more threadbare, conclusory allegation than this. The complaint does not contain any of the facts or law that a Court would need to know about before adjudicating such a claim. Deary does not attach her Agreement with Elara. She does not identify the specific claims that Elara has "threatened" to bring, even though she is fully aware of those claims. And—most importantly—she sets forth no facts that would provide a Court with a factual or legal basis to conclude that the actions that Elara is complaining about were lawful. For instance, Deary is fully aware that Elara's lawsuit cites witness testimony, text messages, and other documents plainly establishing that she solicited Ewing and Stump to work for St. Croix and Careline *prior to* the April 2019 expiration of her restrictive covenants.

*See* Ex. A, State Compl. ¶¶ 74-88. Deary's declaratory judgment action does not mention any of this, let alone explain why the Court could conclude that these events did not constitute breaches of Deary's agreement; indeed, Deary does not even confirm or deny that she engaged in these actions. This is insufficient to state a claim.

### III. Deary makes numerous misrepresentations and omissions in this federal declaratory judgment action.

As discussed above, Deary's federal declaratory judgment action is improper under well-established Sixth Circuit authority, and it contains no facts whatsoever that would allow the Court to grant relief. But beyond the complaint's utter lack of procedural merits and the acknowledged ulterior motives in filing it, this action also contains several misrepresentations and material omissions that must be corrected.

*First*, Deary claims that this is an improper forum and that Elara is trying to "fraudulently defeat diversity jurisdiction." ECF No. 1, ¶ 3. In fact, the only thing approaching "fraud" here was Deary's careful and intentional omission of the relevant facts that—if disclosed—would have immediately revealed the falsity of her "fraudulent joinder" accusation.

Deary fails to mention that she consented to jurisdiction in any "state or federal court located in Michigan" in her contract with Elara—which she did not provide the Court. Ex. I (Mot. to Amend Ex 1 & Deary Agreement, attached Exhibit E thereto). Likewise, there is personal jurisdiction on the facts alleged—the state court lawsuit alleges that Deary solicited Stump and Ewing to work for Jackson-

based Careline, including a meeting at Deary's Jackson-based home. Ex. A, State Compl. ¶ 74. Jackson is a proper forum for these reasons too, despite Deary's questionable claims to be a Florida resident. Thus, far from Elara allegedly acting in bad faith—by filing a lawsuit in a consented-to forum, over events that occurred in that forum—the truth is that Deary is trying to pull the wool over the Court's eyes.

With respect to fraudulent joinder, that doctrine is a narrow theory that allows removal despite a non-diverse defendant only where it is clear that "there can be no recovery under the law of the state on the cause alleged or on the facts in view of the law." *Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir. 1994). But here, the lawsuit that Elara was seeking leave to amend included claims against *all* of the parties (including Michigan residents Ewing, Stump, and Careline) for their own respective breaches of contract and/or tortious interference in the combined scheme by which Deary, on behalf of Careline and St. Croix, solicited Stump and Ewing to breach their agreements with Elara. Ex. I, Mot. to Amend Ex. 1 (Proposed 3d Am. Compl.) The newly-filed complaint continues to bring claims against Careline for its tortious interference with Deary's contract; as alleged, Careline *knew* Deary had restrictive covenants including non-competition and non-solicitation agreements, yet interfered with those covenants by having Deary work on its behalf and solicit employees on its behalf. Ex. A, State Compl. ¶¶ 115-121. Again, this is a lawsuit

about Deary *and* Careline's joint actions, and tortious interference is a well-established theory in Michigan law. Joinder is plainly appropriate for these claims.

*Second*, Deary accuses Elara's counsel of "improperly us[ing] the judicial process" and cites, as "proof" the fact that Elara has filed multiple lawsuits to enforce its restrictive covenants against other employees. *See* ECF No. 1, ¶¶ 1-2, 14. Deary's counsel then includes a list of these cases and misstates the status of most of those cases to imply that Elara's lawsuits are meritless when, in fact, Elara has not received an adverse judgment in *any* of those matters and has won several:

- The *Paradigm Living Concepts* case filed in this Court before Judge Friedman (No. 20-cv-10781) is not "pending." Rather, Judge Friedman entered a permanent injunction in Elara's favor, concluding the case.

- The *Mooney* and *Sanders* litigation Deary refers to (and which she was a central witness in) was resolved by a non-confidential settlement that included, among other things, a $1.35 million dollar payment to Elara;

- The *Roncelli* case remains pending in Oakland County Circuit Court, with Defendants Roncelli and Careline rejecting a case evaluation award, and potentially subjecting them to attorney's fees as a result.

- The *VanDeusen* case remains pending in Ingham County Circuit Court, with Careline's counsel already sanctioned for discovery misconduct; further, just days ago on July 14, 2021, that court denied VanDeusen and Careline's motion for summary disposition, ensuring that the breach of contract and tortious interference claims there will go to trial.

- The *Stump/Ewing* case, where Deary's misconduct was uncovered, likewise remains pending.

Ultimately, Deary's accusations are not new. Deary has repeated the same stale attack lines against Elara and provided the same list of cases in at least two other motions in earlier actions over the past few months, trying to avoid giving depositions based on her "Elara is bad" theory. *See* Ex. J (*Great Lakes v. Mooney*, Deary Brief at 4-5); Ex. K (Great Lakes v. Ewing & Stump, Deary Brief at 3-4.). In both cases, the courts rejected these arguments and compelled her testimony. If anything, it is *Deary* who has continually reflected a disdain for the law, including (1) attempting to flee the territorial jurisdiction of the United States on her yacht to avoid service of a subpoena; (2) submitting a false "stipulated order" (without disclosing it to Elara's counsel) that misstated the circuit court's ruling, which the court ultimately vacated and replaced with a proper order; and (3) giving evasive and misleading testimony that led to the Court ordering her re-deposition and a threat of contempt sanctions. *See* Ex L, *Great Lakes v. Mooney*, Plaintiff's Verified Mot. to Compel the Attendance of Cheri Lyn Deary at 1-5; Ex. M, June 11, 2021 Hr'g Transcript on Motion to Compel Compliance with Subpoena at 27-32; Ex. N, *Great Lakes v. Ewing & Stump* Substitute Order.

## CONCLUSION

For the reasons stated, Elara requests that the Court dismiss the declaratory-judgment complaint.

KIENBAUM HARDY VIVIANO
PELTON & FORREST, P.LC.


By: /s/*Thomas J. Davis*
    Eric J. Pelton (P40635)
    Thomas J. Davis (P78626)
Attorneys for Plaintiff
280 N. Old Woodward Ave., Ste. 400
Birmingham, MI 48009
(248) 645-0000
epelton@khvpf.com
tdavis@khvpf.com

Dated:  July 19, 2021

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 19, 2021, I served the foregoing document on the

above listed attorneys of record by email and U.S. First Class Mail.

*/s/ Michelle R. Beveridge*  
Michelle R. Beveridge,  
 Legal Assistant  
Kienbaum Hardy Viviano  
  Pelton & Forrest, P.L.C.

417805

1