UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| CHERI LYN DEARY, | Case No. 21-11587 |
| | Honorable Laurie J. Michelson |
| Plaintiff, | Magistrate Judge R. Steven Whalen |
| vs. | **FIRST AMENDED COMPLAINT** |
| | **JURY DEMANDED** |
| GREAT LAKES ACQUISITION CORP. d/b/a GREAT LAKES CARING and GREAT LAKES HOME HEALTH SERVICES INC., | |
| Defendants. | |

_____/

| | |
|---|---|
| THE MILLER LAW FIRM, P.C. | KIENBAUM HARDY VIVIANO |
| E. Powell Miller (P39487) | PELTON & FORREST, P.L.C. |
| Marc L. Newman (P51393) | Eric J. Pelton (P40635) |
| Kevin F. O'Shea (P40586) | Thomas J. Davis (P78626) |
| Attorneys for Plaintiff | Attorneys for Defendants |
| 950 West University Drive, Suite 300 | 280 N. Old Woodward Ave, Ste 400 |
| Rochester, Michigan 48307 | Birmingham, MI 48009 |
| (248) 841-2200 | (248) 645-6000 |
| epm@millerlawpc.com | epelton@khvpf.com |
| mln@millerlawpc.com | tdavis@khvpf.com |
| kfo@millerlawpc.com | |

_____/

**FIRST AMENDED COMPLAINT**

Plaintiff Cheri Lyn Deary, by her attorneys, The Miller Law Firm, P.C., and for her First Amended Complaint, states as follows:

**INTRODUCTION**

1.      Defendants have engaged in a campaign to harass and intimidate Ms. Deary and several of her affiliates, forcing Ms. Deary to incur hundreds of thousands

of dollars in legal fees, in order to renegotiate a contract with Ms. Deary to obtain concessions Defendants failed to negotiate for and obtain, and that Ms. Deary rejected, when she separated from her employment with Defendants in April 2017.

2. As part of that campaign, Defendants have, in addition to filing approximately six lawsuits against former employees of Defendants as well as Ms. Deary's son-in-law's company, disparaged her and her family, and threatened and intimidated her colleagues and associates, all with the intent of impairing Ms. Deary's ability to engage in business activities in which she is properly entitled to engage. Defendants have never made any kind of cease and desist or other pre-suit demand on Mrs. Deary setting forth why they believe she has done anything wrong.

3. Specifically, Ms. Deary is the founder and a former employee of Defendant Great Lakes Acquisition Corp., owned by Blue Wolf Capital, a private equity company that uses its financial might and court processes to try to bankrupt its adversaries, gain undue concessions and prevent lawful competition. At the time Ms. Deary separated from Defendants, she entered into a Settlement and General Release Agreement ("Settlement Agreement") that included certain limited-scope noncompetition and non-solicitation restrictions, all of which expired over two years ago, in April 2019.

4. Ms. Deary took care not to engage in conduct that was violative of her restrictions. Yet, no good deed goes unpunished: Defendants are now attempting to

manipulate and twist facts to harass her and make it appear that she violated these restrictions.

5. Great Lakes and Blue Wolf have pursued numerous lawsuits and court proceedings against Ms. Deary and former and present employees and associates, premised on false statements and personal attacks, that have not prevailed. Rather, to date, Ms. Deary, at great financial and emotional expense, has thwarted and rebuked Defendants' improper conduct.

6. Defendants have been undeterred and recently filed suit against Ms. Deary in Jackson County, Michigan. That lawsuit is an attempt to improperly evade this Court's authority to preside over this matter, as this Court previously presided over an action between these parties arising out of the same transaction or occurrence as alleged herein.

## PARTIES, JURISDICTION AND VENUE

7. Plaintiff Cheri Lyn Deary is a citizen of the State of Florida.

8. Defendant Great Lakes Acquisition Corp. d/b/a Great Lakes Caring is a Delaware corporation with its principal place of business in either Dallas, Texas or Jackson, Michigan.

9. Defendant Great Lakes Home Health Services Inc. is a Michigan corporation with its principal place of business in either Dallas, Texas or Jackson, Michigan.

10. Defendants conduct business in this District.

11. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332.

12. There is a prior matter filed in this Court involving Plaintiff and Defendant Great Lakes Acquisition Corp. related to the allegations as alleged herein, entitled *Great Lakes Acquisition Corp. d/b/a Great Lakes Caring v. Cheri Lynn Deary*, Case No. 2:19-cv-11502-LJM-RSW (E.D. Mich.) assigned to the Honorable Laurie J. Michaelson.  That case was dismissed without prejudice by an Opinion and Order dated October 4, 2019.

13. By virtue of the prior action between the parties, this Court is the proper forum for any case or controversy between the parties.

## BACKGROUND FACTS

14. Cheri Lyn Deary is a former founder and employee of Great Lakes Home Health Services, Inc., which she created with her husband, William Deary, in 1994, growing the company into a national home health care network with over 2,600 employees.  In 2014, she sold all of her stock to a private equity firm, but she remained employed by the company.  In 2012, Great Lakes Home Health Services, Inc. became known as Great Lakes Caring, which was acquired by Defendant Great Lakes Acquisition Corp., an affiliate of Blue Wolf Capital Partners.  Great Lakes Acquisition Corp. is, together with other affiliated companies, commonly known as

Elara. At the time that Great Lakes Caring was acquired by Blue Wolf, Ms. Deary was not a shareholder or owner of the company but was merely an employee.

15. After taking control of the Company, Blue Wolf dramatically mismanaged the company. Great Lakes was downgraded twice by Moodys, in September 2019 and again in January 2020, and caused hundreds of employees to be terminated or to become disaffected and quit. Indeed, Blue Wolf's prioritizing of profits over patient care resulted in 60 dedicated and talented professional health care employees being terminated in a single day. Great Lakes has attempted to detract from its own mismanagement by blaming its woes on Ms. Deary.

16. Ms. Deary remained a faithful employee of Elara up until 2017, when she was unceremoniously placed on "garden leave" for no reason other than her husband, who was then acting as CEO, was forced by Blue Wolf to submit his resignation. Defendants did not even have the courtesy to inform Ms. Deary that she was being placed on "garden leave"; she learned about this from other people.

17. Ms. Deary had not been previously advised of any performance issues, written up for improvement or any other negative review, and had no prior notice of being put on "garden leave". Upon the abrupt termination of her employment, she entered into the Settlement Agreement in April 2017 that contained various restrictive covenants that were limited in scope. A copy of the Settlement

5

Agreement is in Defendants' possession. All of those restrictions expired over two years ago, in April 2019.

19. 18. Since that time, Defendants have embarked on a strategy of harassment and intimidation against Ms. Deary and several of her family members, former co-workers and associates, and a business owned by her son-in-law, in an attempt to quash legitimate competition and force Ms. Deary to spend hundreds of thousands of dollars on legal fees to defend claims that have no merit.

19. After Ms. Deary separated from Elara in April 2017, she lawfully and properly engaged in business activities outside of the geographic restricted areas set forth in her Settlement Agreement. Defendants nevertheless attempted to intimidate and harass her hoping that they would be able to prevent Ms. Deary from engaging in business activities to which she was entitled to engage.

20. In 2017, her son-in-law moved to Pittsburgh, Pennsylvania and began a health care business. Sometime in or around 2018, he apparently learned that Defendants had ceased operations of a physicians group that operated under the name Go Docs Go. Recognizing that there was a significant business opportunity to be realized from physicians previously employed by Go Docs Go, her son-in-law relocated back to Michigan and created Careline Health Group – MI, LLC ("Careline").

6

21. Defendants have wrongfully alleged that Ms. Deary somehow owned and/or controlled Careline, but she never has and does not. That did not stop Defendants from attempting to intimate her from engaging in lawfully competitive activities.

22. Defendants have made disparaging comments about Ms. Deary and her family members to associates and former co-workers, including that Ms. Deary and her family somehow wrongfully profited off the backs of long-time employees and they were trying to do it again; that they were "pirating" business away from Defendants; and this also included threatens made to many of its employees (who were long time employees and/or friends of Ms. Deary) that if they speak with Ms. Deary, they will be summarily fired.

23. Defendants' threats were believed by both Defendants' employees and Ms. Deary because of Defendants' aggressive actions taken against Ms. Deary and all former employees who dared to seek to continue working in the field of healthcare performed by Defendants.

24. In fact, Defendants have a history of intimidating former employees from working in the field of healthcare performed by Defendants.

25. Defendants have filed the following litigation matters against former employees and associates of Ms. Deary:

- *Great Lakes Acquisition Corp. v. Natasha (Oginsky) Sanders*, No. 21-cv-10143 (E.D.Mich., Hon. R. Cleland) (pending);

- *Great Lakes Acquisition Corp. d/b/a Elara Caring v. Thomas Roncelli and Careline Health Group-MI LLC*, 2020-180056-CB (Oakland County Cir. Court, Hon. M. Warren) (pending);

- *Great Lakes Home Health Services, Inc. and Great Lakes Acquisition Corp., dba Elara Caring v. Carolyn Ewing, Kasey Stump, Care Evolutions Consulting, LLC, Careline Health Group-MI LLC, and Careline Holdco LLC*, No. 2020-888-CB (Jackson County, Michigan) (pending);

- *Great Lakes Home Health Services, Inc., d/b/a Elara Caring v. Brandi Vandeusen, Careline Health Group-MI, LLC, Careline Palliative Care, PLLC, and Careline Holdco, LLC*, No. 20-154-CB (Ingham County Circuit Court, Hon. J. Draganchuk) (pending); and

- *Great Lakes Acquisition Corp., d/b/a Elara Caring v. Joseph Mooney and St. Croix Hospice, LLC.*, No. 20-180059-CB (Oakland County Circuit Court, Hon. Michael Warren) (pending but apparently resolved).

26.     Defendants have not sought to file a motion for a preliminary injunction in any of these cases, thereby demonstrating their intent to cause financial hardship to the defendants in those cases, not to protect any legitimate business interest.

27.     Defendants have recently filed a second lawsuit against Ms. Deary. *Great Lakes Home Health Services, Inc. and Great Lakes Acquisition Corp., v. Cheri Lyn Deary, Careline Health Group-MI LLC and Careline HoldCo LLC*, No. 21-2534-CB (Jackson County Circuit Court, Hon. Richard LaFlamme). A copy of this lawsuit is in Defendants' possession and was attached as Exhibit A to Defendants' Motion to Dismiss (ECF No. 9).

28.     Ms. Deary at all times attempted to carefully conduct business so as to honor the restrictive covenants contained in her settlement agreement. That has not

deterred Defendants. They have sought to bring new claims against Plaintiff in state court, including for allegedly breaching the noncompetition and nonsolicitation restrictions that expired in April 2019. They also wrongfully claimed that Ms. Deary somehow has ownership and/or control over Careline and its parent, DEM Holdings Group, LLC, which she never has and does not.

29. Ms. Deary has been damaged by Defendants' wrongful conduct. Several businesses in which she invested will no longer offer her opportunities in which to invest due to Defendants' conduct.

30. Despite the related prior litigation between the parties in this Court, Defendants have attempted to circumvent this Court's jurisdiction by seeking to file claims against her in state court. However, this Court is the proper forum for the resolution of controversies between the parties.

### COUNT I – TORTIOUS INTERFERENCE WITH BUSINESS EXPECTANCY

31. Plaintiff realleges all paragraphs as if fully restated herein.

32. After severing her relationship, Plaintiff continued to lawfully work in the hospice industry, all the while honoring the limited geographic restrictive covenants in her settlement agreement. Among them, Plaintiff had a business relationship with one or more private equity firms that were in the process of acquiring hospice providers.

33. Plaintiff also had a relationship with former colleagues and employees at Great Lakes Caring.

34. Defendants were aware that Plaintiff continued to engage in such lawful business, including with the private equity firms and with former colleagues and employees.

35. Plaintiff was reasonably likely to benefit financially from this business relationship or other similar situated business in this field.

36. As set forth above, Defendants intentionally interfered with Plaintiff establishing these relationships as they sought to preclude Plaintiff from competing with them, even though Plaintiff was lawfully free to do so under her contract with Defendants.

37. Defendants' conduct as described above caused third parties to disrupt or terminate their relationships with Plaintiff.

38. Plaintiff suffered financial damage and emotional distress as result of Defendants' wrongful conduct.

## COUNT II – UNJUST ENRICHMENT

39. Plaintiff realleges all paragraphs as if fully restated herein.

40. Defendants received an undue benefit from Plaintiff in that Plaintiff refrained from engaging in lawfully competitive conduct either during the term or

after the expiration of her settlement agreement, as a result of Defendants' threatening actions and intimidation toward Plaintiff.

41. Inequity would result from Defendants having received this benefit.

## COUNT III – DECLARATORY RELIEF

42. Plaintiff realleges all paragraphs as if fully restated herein.

43. There is a case or controversy between the parties that is ripe for adjudication by this Court relating to the April 2017 Settlement Agreement.

44. However, all the restrictions in the April 2017 Settlement Agreement have expired, Plaintiff has not breached any terms of the Settlement Agreement, and Defendants' claims that it recently file again in state court are not valid.

45. Defendants have nonetheless wrongfully contended that Plaintiff has somehow violated the restrictive covenants in her Settlement Agreement, including by owning, operating and/or controlling Careline. These contentions are not true. Defendants have also contended that Plaintiff improperly solicited employees away from Defendants to either Careline or another company which whom she properly worked, St. Croix. Again, these contentions are not true.

46. Plaintiff is entitled to a declaratory judgment declaring that (1) none of the claims asserted by Defendants have any merit, (2) the restrictions contained in Plaintiff's April 2017 Settlement Agreement have all expired, (3) Plaintiff has not breached any of the terms of her April 2017 Settlement Agreement, and (4)

Defendants do not have valid claims against her, including the claims brought in state court.

47. For all triable issues, a jury is hereby demanded.

WHEREFORE, Plaintiff requests a judgment in her favor and against Defendants:

    A. Awarding damages in whatever amount Plaintiff may be entitled;

    B. Declaring that the restrictions contained in Plaintiff's April 2017 Settlement Agreement have all expired;

    C. Declaring that Plaintiff has not breached any of the terms of her April 2017 Settlement Agreement;

    D. Declaring that Defendants do not have valid claims against her, including the claims is it threatening to bring in state court; and

    E. Awarding Plaintiff her costs and attorneys' fees for having to bring this action.

Respectfully submitted,

**The Miller Law Firm, P.C.**
Attorneys for Plaintiff

*/s/ Marc L. Newman*
E. Powell Miller (P39487)
Marc L. Newman (P51393)
Kevin F. O'Shea (P40586)
950 West University Drive, Suite 300
Rochester, Michigan 48307
(248) 841-2200

epm@millerlawpc.com
mln@millerlawpc.com
kfo@millerlawpc.com
www.miller.law

Dated: August 9, 2021

## CERTIFICATE OF SERVICE

I hereby certify that on August 9, 2021, I electronically filed the foregoing document using the Court's electronic filing system, which will notify all counsel of record authorized to receive such filings.

Respectfully submitted,

**THE MILLER LAW FIRM, P.C.**

*/s/ Marc L. Newman*
Marc L. Newman (P51393)
950 West University Drive
Rochester, MI 48307
(248) 841-2200
mln@millerlawpc.com