UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

CHERI LYN DEARY,         Case No. 21-11587
       Honorable Laurie J. Michelson
   Plaintiff,        Magistrate Judge R. Steven Whalen

vs.        **RESPONSE**

GREAT LAKES ACQUISITION CORP.
d/b/a GREAT LAKES CARING and
GREAT LAKES HOME HEALTH SERVICES INC.,

   Defendants.

_____/

**PLAINTIFF'S BRIEF IN RESPONSE TO
DEFENDANTS' MOTION TO DISMISS**

## STATEMENT OF ISSUES PRESENTED

1. Whether this Court should find that Defendants' Motion to Dismiss is mooted by the filing of Plaintiff's First Amended Complaint in accordance with Fed. R. Civ. P. 15?

2. Whether this Court, if it does consider the merits of Defendants' Motion to Dismiss, should deny it as substantively without merit because, among other things: (a) Plaintiff's Complaint is no longer limited to a single count for declaratory relief; (b) the cases Defendants rely upon are factually distinguishable because, here, there was a prior federal matter involving the same parties; and (c) Defendants have made material misrepresentations in their Brief.

## TABLE OF CONENTS

STATEMENT OF ISSUES PRESENTED ................................................................. i

CONTROLLING OR MOST APPROPRIATE AUTHORITIES ........................... iii

INTRODUCTION ..................................................................................................... 1

ARGUMENT ............................................................................................................. 2

I.   Defendants' Motion to Dismiss is Mooted by the First Amended Complaint .. 2

II.  Defendants' Motion To Dismiss Is Substantively Without Merit ..................... 3

 A. Plaintiff's Complaint Is No Longer A Single Count For Declaratory Relief ..... 3

 B. The Cases Defendants Rely Upon Are Factually Distinguishable ...................... 4

 C. Defendants' Motion Makes Material Misrepresentations ................................... 4

CONCLUSION .......................................................................................................... 6

# **CONTROLLING OR MOST APPROPRIATE AUTHORITIES**

**Cases**

*Hartman v. Register*, No. 1:06-cv-33, 2007 WL 915193, at *5 (S.D. Ohio Mar. 26, 2007) ................................................................................................................4, 5

*Lowery v. Ala. Power Co.*, 483 F.3d 1184 ................................................................4

*Manasher v. NECC Telecom*, 2006 WL 3543639 (E.D. Mich. December 8, 2006) .5

*Merritt v. Fogel*, 349 F. App'x 742 (3rd Cir. 2009) ...................................................4

*Nat'l City Mortgage Co. v. Navarro*, 220 F.R.D. 102 (D.D.C. 2004) .......................5

*Pure Country, Inc. v. Sigma Chi Fraternity*, 312 F.3d 952 (8th Cir. 2002) ..............4

*Snyder v. Pascack Valley Hosp.*, 303 F.3d 271 (3d Cir. 2002) .................................4

*Ultravision Techs. v. Eaton Corp.*, Civil Action No. 2:19-CV-00290-JRG, (E.D. Tex. Nov. 7, 2019) .................................................................................................5

*Washer v. Bullitt County*, 110 U.S. 558 (1884) .......................................................4

**Other Authorities**

6 Fed. Prac. & Proc. 2d §1476 ..................................................................................4

Plaintiff Cheri Lyn Deary, by her attorneys, The Miller Law Firm, P.C., submits the following as her response to Defendants' Motion to Dismiss.

## INTRODUCTION

Defendants' Motion to Dismiss has been mooted by Plaintiff's First Amended Complaint—filed as of right on August 9, 2021 pursuant to Fed. R. Civ. P. 15. *See* ECF No. 11. Plaintiff has the right to file this First Amended Complaint as it was filed within 21 days of Defendants' Motion to Dismiss. *See* Fed. R. Civ. P. 15: "A party may amend its pleading once as a matter of course within … 21 days after service of a motion under Rule 12(b) …." Plaintiff's Amended Complaint now seeks affirmative claims for relief, not simply a count for declaratory relief.

Even if not mooted, Defendants' Motion to Dismiss is without any merit. First, Plaintiff's case is factually distinguishable from all the cases cited by Defendants because there was originally another action previously before this Court involving the same parties and asserting the same core claims. Second, because Plaintiff has valid substantive claims seeking affirmative relief from Defendants, there is no merit to the claim that this Court's discretionary power to resolve this claim under the Declaratory Judgment Act is applicable or that Defendants' right to the forum of their choice trumps Plaintiff's right to bring her diversity jurisdiction action in this Court.

# ARGUMENT

## I. Defendants' Motion to Dismiss is Mooted by the First Amended Complaint

The First Amended Complaint supersedes and replaces the original Complaint. *Washer v. Bullitt County*, 110 U.S. 558, 562 (1884) ("When a petition is amended by leave of the court, the cause proceeds on the amended petition."); *Snyder v. Pascack Valley Hosp.*, 303 F.3d 271, 276 (3d Cir. 2002) ("An amended complaint supersedes the original version in providing the blueprint for the future course of the lawsuit."); 6 Fed. Prac. & Proc. 2d §1476 ("Once an amended pleading is interposed, the original pleading no longer performs any function in the case."). *See also Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1219 (11th Cir. 2007) ("[A]n amended complaint supersedes the initial complaint and becomes the operative pleading in the case."); *Hartman v. Register*, No. 1:06-cv-33, 2007 WL 915193, at *5 (S.D. Ohio Mar. 26, 2007) ("Once an amended pleading is filed, the original pleading no longer performs any function in the case.").

Plaintiff's filing of her First Amended Complaint thus renders Defendants' Motion to Dismiss moot, as it is directed at a pleading that is no longer operative:

> [T]he consensus from the Circuit Courts of Appeal, hold that an amended complaint nullifies the original complaint, and thus moots a motion to dismiss addressed to that nullity. *See, e.g., id*. n.4; *Merritt v. Fogel*, 349 F. App'x 742, 745 (3rd Cir. 2009) ("[T]he filing of [an] amended complaint . . . would have rendered moot defendants' motion to dismiss."); *Pure Country, Inc. v. Sigma Chi Fraternity*, 312 F.3d 952,

956 (8th Cir. 2002) ("Pure Country's motion to amend the complaint rendered moot Sigma Chi's motion to dismiss the original complaint.").

*Ultravision Techs. v. Eaton Corp.*, No. 2:19-CV-00290-JRG, 2019 WL 11250161, at *1 (E.D. Tex. Nov. 8, 2019) (some citations omitted). *See also Hartman*, *supra*, 2007 WL 915193, at *6 (defendants' motions to dismiss the original complaint and the amended complaint were moot given the subsequent filing of a second amended complaint); *Nat'l City Mortgage Co. v. Navarro*, 220 F.R.D. 102 (D.D.C. 2004); *Manasher v. NECC Telecom*, 2006 WL 3543639 (E.D. Mich. December 8, 2006).

As a result, this Court should deny Defendants' Motion to Dismiss as moot.

## II.     Defendants' Motion To Dismiss Is Substantively Without Merit

Even if Defendants' Motion to Dismiss is not now mooted by the filing of the First Amended Complaint (which it is as discussed above), the Motion to Dismiss is without merit for, among other reasons, the three reasons discussed below.

### A.     Plaintiff's Complaint Is No Longer A Single Count For Declaratory Relief

Plaintiff's First Amended Complaint addresses the issue raised in Defendants' Motion to Dismiss by pleading two new substantive counts seeking affirmative economic relief in addition to her prior single count for a declaratory judgment. Therefore, Plaintiff's lawsuit is no longer just one for declaratory relief. As a result, this Court no longer has discretion to dismiss it under the Declaratory Judgment Act.

3

**B.     The Cases Defendants Rely Upon Are Factually Distinguishable**

Defendants repeatedly seek to suggest that this Court is not the proper jurisdiction, and only their choice of forum should be honored. In doing so, Defendants totally gloss over the fact that Defendants' prior lawsuit against Plaintiff was properly removed and previously pending in this Court. (*See* ECF No. 1, PageID.3, at ¶ 3; *Great Lakes Acquisition Corp. d/b/a Great Lakes Caring v. Cheri Lynn Deary*, Case No. 2:19-cv-11502, PageID.2-5 (assigned to the Hon. Laurie J. Michaelson). Defendants have now only sought to defeat diversity jurisdiction by adding Careline Health Group ("Careline"), a non-diverse party, to their litigation against Plaintiff. Defendants – not Plaintiff – are the ones playing games and seeking to prevent Plaintiff from litigating this matter in its proper forum – federal court based upon diversity jurisdiction as selected by Plaintiff when she was a defendant in the prior lawsuit brought by Defendants and properly removed to federal court and now as the Plaintiff in this first filed new litigation.

As a result, this case is factually distinguishable from all of the cases relied upon by Defendants. None of Defendants' cases deal with the factual situation of an original pending federal action against Plaintiff.

**C.     Defendants' Motion Makes Material Misrepresentations**

There is no requirement that this Court must dismiss Plaintiff's original Complaint. Rather, and as Defendants acknowledge, under the Declaratory

4

Judgment Act, a district court is merely "authorized to dismiss a declaratory judgment action 'in the sound exercise of its discretion.'" (ECF No. 9, PageID.37 (Defs. Br., citing *Wilton v. Seven Falls Co.*, 515 U.S. 277, 287-88 (1995).)  When trying to convince this Court to exercise it discretion and dismiss Plaintiff's Complaint, Defendants makes a number of material misrepresentations.  Because this Motion to Dismiss is moot and Plaintiff does not wish to stoop to Defendants' level of personal attacks, Plaintiff only touches upon a few of the misrepresentations here.  For example, Defendants claim that Careline is a necessary party, and their claims cannot be resolved within it.  (ECF No. 9, PageID.38, "Careline is directly involved with the claims and controversy herein, and without Careline the issues between Elara and Deary cannot be resolved.")  This is simply not true as evidenced by Defendants' prior conduct.  Defendants have previous sued Deary in the prior case before this Court, asserting the same basic claims as they assert in state court, without believing it necessary to name Careline, and they similarly sued Careline in several cases in state court without naming Deary.  (ECF No. 9, PageID.23, 33, 34.)  Careline is **not** a necessary and indispensable party to these proceedings.  Moreover, this lawsuit's purpose is not only to defeat liability as falsely claimed by Defendants (ECF No. 9, PageID.39), but Plaintiff also seeks damages against Defendants for, among other things, their knowingly tortious conduct in interfering with Plaintiff's advantageous business expectancies with third parties.

## CONCLUSION

WHEREFORE, for all the above reasons, Plaintiff respectfully requests that this Court enter an Order denying Defendants' Motion to Dismiss as moot, or in the alternative, denying it as being without merit, and granting Plaintiff all other relief that is necessary and just.

          Respectfully submitted,

          **THE MILLER LAW FIRM, P.C.**

          */s/Marc L. Newman*
          E. Powell Miller (P39487)
          Marc L. Newman (P51393)
          Kevin F. O'Shea (P40586)
          950 West University Drive
          Rochester, MI 48307
          (248) 841-2200
          epm@millerlawpc.com
          mln@millerlawpc.com
          kfo@millerlawpc.com
          *Attorneys for Plaintiffs*

Dated: August 9, 2021

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 9, 2021, I electronically filed the foregoing document using the Court's electronic filing system, which will notify all counsel of record authorized to receive such filings.

Respectfully submitted,

**THE MILLER LAW FIRM, P.C.**

 /s/Marc L. Newman
Marc L. Newman (P51393)
950 West University Drive
Rochester, MI 48307
(248) 841-2200
mln@millerlawpc.com