# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

CHERI LYN DEARY,

    Plaintiff,

v.

GREAT LAKES ACQUISITION CORP. d/b/a GREAT LAKES CARING and GREAT LAKES HOME HEALTH SERVICES INC,

    Defendants.

Case No. 2:21-cv-11587

Hon. Laurie J. Michelson

Magistrate Judge Anthony P. Patti

---

| | |
|---|---|
| THE MILLER LAW FIRM, P.C.<br>By: E. Powell Miller (P39487)<br>    Marc L. Newman (P51393)<br>    Kevin F. O'Shea (P40586)<br>950 West University Drive, Suite 300<br>Rochester, Michigan 48307<br>(248) 841-2200<br>epm@millerlawpc.com<br>mln@millerlawpc.com<br>kfo@millerlawpc.com | KIENBAUM HARDY VIVIANO<br>PELTON & FORREST, P.LC.<br>By: Eric J. Pelton (P40635)<br>    Thomas J. Davis (P78626)<br>Attorneys for Plaintiffs<br>280 N. Old Woodward Ave. Ste. 400<br>Birmingham, MI  48009<br>(248) 645-0000<br>epelton@khvpf.com<br>tdavis@khvpf.com |

**Defendants' Reply in Support of Their Motion to Dismiss and Request for Expedited Resolution in Light of Deary's Failure to Contest the Substance of the Motion and Latest Procedural Gamesmanship**

Plaintiff Deary has no merits defense—none—to Defendants' arguments that her hastily-filed declaratory judgment action is improper under the Sixth Circuit's five-factor *AmSouth Bank* test, or under the *Colorado River* abstention doctrine. *See* ECF No. 11, PageID.37-44 & n.3. Instead, she argues that by adding claims for "substantive" relief to her complaint, this Court "no longer has discretion" to dismiss the declaratory relief. ECF No. 12, PageID.22. She cites nothing to support this proposition, nor could she. She is wrong.

For one thing, as Judge Steeh persuasively held in response to a similar gambit, a party cannot "seek to end run around" these abstention doctrines by instead asserting non-declaratory claims that require the same federal-court adjudication of pending state-law claims that the declaratory judgment sought. *Everest Nat'l Ins. Co. v. USAA Cas. Ins. Co.*, 2018 WL 500287, at *2 (E.D. Mich. Jan. 22, 2018) (refusing to "elevate form over substance"). Deary's "substantive" claims here do just that. She says that Elara's lawsuits improperly caused Elara a benefit, and caused her a detriment, because Elara's "claims… have no merit" and her conduct was "lawful[] and proper[]." ECF No. 11, PageID.306, ¶¶ 18-19. The relief sought thus still requires the Court to determine the issue raised in Elara's pending state-court lawsuit: whether Elara's state-court claims that Deary breached her contract have merit. Elara's *AmSouth Bank* and *Colorado River* abstention arguments thus still apply to require dismissal of the entire action.

Moreover, this Court's discretion in declaratory judgment matters is not an all-or-nothing proposition. The court's discretion flows from the language of the declaratory-judgment statute, which says that a court, "upon the filing of an appropriate pleading, *may* declare the rights and other legal relations of any interested party seeking such declaration, *whether or not* further relief is or could be sought." *Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 554 (6th Cir. 2008) (citing 28 U.S.C. § 2201) (emphasis added). As this language reflects, a court has discretion over whether to permit a declaratory judgment *remedy*. And, consistent with that language, courts routinely dismiss declaratory judgment counts contained within broader complaints, when appropriate under the *Amsouth Bank* analysis.[1]

Deary's only other argument for avoiding dismissal is that her amended complaint moots Elara's pending motion to dismiss. ECF No. 12, PageID.320-21. Again, she is incorrect. When—as here—the amended complaint is substantively identical to the original complaint or does not cure the deficiencies raised in motion to dismiss, the existing motion may still be adjudicated. *See generally* Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1476 (3d ed. 2010)

---

[1] *See, e.g.*, *Ratte v. Corrigan*, 989 F. Supp. 2d 565, 569 (E.D. Mich. 2013); *Northland Ctr. Michigan, LLC v. City of Southfield*, 2017 WL 1544102, at *4 (E.D. Mich. Apr. 28, 2017); *Orleans Int'l, Inc. v. Mistica Foods, L.L.C.*, 2016 WL 3878256, at *5 (E.D. Mich. July 18, 2016); *Kreinberg v. Dow Chem. Co.*, 2007 WL 2782060, at *7-8 (E.D. Mich. Sept. 24, 2007).

("[i]f some of the defects raised in the original motion remain in the new pleading, the court simply may consider the motion as being addressed to the amended pleading."); *accord, e.g.*, *Nevada-Martinez v. Amhad*, 2016 WL 1559426, at *2 (E.D. Ky. Apr. 15, 2016) (citing authority). Further, a party's actions in delaying adjudication of a dispositive issue should not be rewarded by requiring the re-filing of a new motion to dismiss. *Nevada-Martinez*, 2016 WL 1559426, at *2.

It is important that the Court not reward Deary's conduct here, as she is trying to delay the inevitable purely so she may gain a perceived procedural advantage. Earlier today, instead of filing an answer to Elara's state-court complaint, Deary filed a motion for summary disposition under MCR 2.116(C)(6), which allows dismissal when another "action has been initiated between the same parties involving the same claim." Reply Ex. A, State-Court Motion. In that motion, she states that her amended federal lawsuit "involves the same parties and revolves around the same basic claims asserted in" the state-court suit, *id.* at 5—admissions that confirm that dismissal remains appropriate here under *AmSouth Bank* and *Colorado River*. And she acknowledges that her procedural gambit relies on this Court's not adjudicating Elara's federal motion to dismiss until after the state-court hearing. *Id.* at 7.

This gamesmanship should not be tolerated. Deary filed this lawsuit with the intent of misusing the federal Declaratory Judgment Act to deprive Elara of its chosen forum. Faced with an irrefutable motion to dismiss that complaint, she added

new claims which she *admits* do not change the fundamental nature of her lawsuit. The same *AmSouth Bank* and *Colorado River* abstention principles set forth in Elara's current motion to dismiss remain applicable, and the Court should dismiss the entire action,[2] or at least the declaratory judgment count. Given that Deary offers *no* defense on the merits of either abstention doctrine, the Court need not hold a hearing (as it contemplated in the scheduling order, ECF No. 10), and should rule on an expedited basis before the state court's September 15, 2021 hearing.

Respectfully submitted,

By: /s/*Thomas J. Davis*
   Eric J. Pelton (P40635)
   Thomas J. Davis (P78626)
Attorneys for Plaintiff
280 N. Old Woodward Ave., Ste. 400
Birmingham, MI 48009
(248) 645-0000
epelton@khvpf.com
tdavis@khvpf.com

Dated:  August 13, 2021

---

[2] Even if the amended complaint was not a naked attempt to recast declaratory-judgment relief in "substantive" terms, there are numerous other reasons to dismiss Deary's new claims. In fact, the gravamen of Deary's new claims—that Elara can be sued for the harm it allegedly caused Deary by filing lawsuits—has been *explicitly* rejected in Michigan. In *Early Detection Ctr., P.C., v. New York Life Ins. Co.*, the Court of Appeals dismissed a complaint alleging various tort claims, including IIED, invasion of privacy, and intentional interference with a business relationship where the alleged wrongdoing was the defendants' filing of a "groundless" lawsuit. 157 Mich. App. 618 (1986). As the court held, there is "nothing illegal, unethical or fraudulent in filing a lawsuit, whether groundless or not." *Id.* at 631. And here, Elara's lawsuits are hardly groundless. ECF No. 9, PageID.48.

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 13, 2021, I served the foregoing document on the above listed attorneys through the Court's electronic filing system.

                                          */s/ Jill A. Hall*
                                          Jill A. Hall,
                                           Legal Assistant
                                          Kienbaum Hardy Viviano
                                             Pelton & Forrest, P.L.C.

422638