## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

CHERI LYN DEARY,

     Plaintiff,

v.

GREAT LAKES ACQUISITION
CORP. d/b/a GREAT LAKES
CARING and GREAT LAKES
HOME HEALTH SERVICES INC,

     Defendants.

Case No. 2:21-cv-11587

Hon. Laurie J. Michelson

Magistrate Judge Anthony P. Patti

---

THE MILLER LAW FIRM, P.C.
By: E. Powell Miller (P39487)
    Marc L. Newman (P51393)
    Kevin F. O'Shea (P40586)
950 West University Drive, Suite 300
Rochester, Michigan 48307
(248) 841-2200
epm@millerlawpc.com
mln@millerlawpc.com
kfo@millerlawpc.com

KIENBAUM HARDY VIVIANO
PELTON & FORREST, P.LC.
By: Eric J. Pelton (P40635)
    Thomas J. Davis (P78626)
Attorneys for Plaintiffs
280 N. Old Woodward Ave. Ste. 400
Birmingham, MI 48009
(248) 645-0000
epelton@khvpf.com
tdavis@khvpf.com

---

**Defendants' Motion to Dismiss Plaintiff's First Amended Complaint
Under Rules 12(b)(1) and 12(b)(6)**

Defendants Great Lakes Acquisition Corp. and Great Lakes Home Health Services, Inc. (formerly operating as "Great Lakes Caring," and which now operate under the trade name of "Elara Caring," and are referred to as "Elara" herein) respectfully move this Court for an order dismissing Plaintiff Cheri Lyn Deary's first amended complaint, which she admittedly filed in an attempt to keep her "race to the courthouse" declaratory judgment action alive, and which she could not defend on the merits. Instead, Deary amended her complaint again on the pretext that Elara's filing of lawsuits—all of which have resolved favorably to Elara or remain pending—has harmed Deary's financial interests. But however phrased, these new claims are again collateral attacks on pending state-court litigation that warrant dismissal under at least two abstention doctrines. And even if the Court did not abstain, the newly-alleged claims are not permitted by Michigan law. *See Early Detection Ctr., P.C., v. New York Life Ins. Co.*, 157 Mich. App. 618, 631 (1986). Elara now moves to dismiss this amended complaint.

In support of the motion, Defendants state:

1.     Great Lakes Acquisition Corp. and Great Lakes Home Health Services, Inc. are the plaintiffs in *Great Lakes Home Health Services, Inc. and Great Lakes Acquisition Corp. v. Cheri Lyn Deary, Careline Health Group-MI LLC, and Careline Holdco LLC*, Case No. 21-2534-CB.

2.     Deary filed this lawsuit in an admitted effort to interfere with a state court's pending docket, originally seeking only a declaratory judgment that Elara's state-court claims were invalid.

3.     Elara moved to dismiss the original complaint because the Declaratory Judgment Act is not intended as a vehicle to deprive a natural plaintiff of its selected forum, or a vehicle for "procedural fencing."

4.     On the day Deary's response to the motion to dismiss was due, she filed an amended complaint. ECF No. 11. She also filed a response to the motion, admitting that she amended her complaint in the (erroneous) belief that this Court cannot dismiss an otherwise-invalid Declaratory Judgment Act claim if the plaintiff adds substantive counts.

5.     Deary's declaratory judgment claim is still subject to dismissal on the same abstention grounds as set forth in Elara's original motion under Rule 12(b)(1). And the new claims she files—that Elara's filing of lawsuits is somehow tortious or unlawful—fail to state a claim and are contrary to law under Rule 12(b)(6). Those claims, too, should be dismissed.

6.     On August 19, 2021, undersigned counsel asked Deary's counsel to concur in the relief requested. Deary's counsel refused, necessitating this motion.

KIENBAUM HARDY VIVIANO
PELTON & FORREST, P.LC.

/s/*Thomas J. Davis*
By:    Eric J. Pelton (P40635)
          Thomas J. Davis (P78626)
Attorneys for Defendants
280 N. Old Woodward Ave. Ste. 400
Birmingham, MI  48009
(248) 645-0000
epelton@khvpf.com
tdavis@khvpf.com

Dated: August 23, 2021

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

CHERI LYN DEARY,

     Plaintiff,

v.

GREAT LAKES ACQUISITION
CORP. d/b/a GREAT LAKES
CARING and GREAT LAKES
HOME HEALTH SERVICES INC,

     Defendants.

Case No. 2:21-cv-11587

Hon. Laurie J. Michelson

Magistrate Judge Anthony P. Patti

---

THE MILLER LAW FIRM, P.C.
By: E. Powell Miller (P39487)
    Marc L. Newman (P51393)
    Kevin F. O'Shea (P40586)
950 West University Drive, Suite 300
Rochester, Michigan 48307
(248) 841-2200
epm@millerlawpc.com
mln@millerlawpc.com
kfo@millerlawpc.com

KIENBAUM HARDY VIVIANO
PELTON & FORREST, P.L.C.
By: Eric J. Pelton (P40635)
    Thomas J. Davis (P78626)
Attorneys for Plaintiffs
280 N. Old Woodward Ave. Ste. 400
Birmingham, MI 48009
(248) 645-0000
epelton@khvpf.com
tdavis@khvpf.com

---

**Defendants' Brief in Support of Motion to Dismiss Plaintiff's First Amended
Complaint Under Rules 12(b)(1) and 12(b)(6)**

**Statement of the Issues Presented**

1.   Deary's amended complaint continues to seek a declaratory judgment that Elara's pending state lawsuit against Deary is invalid, and her new "substantive" counts merely clothe that same request in coercive-claim language. Because declaratory judgment actions filed to preempt a coercive suit by the natural plaintiff serve no purpose, should the Court dismiss this action or, at least, the declaratory judgment count, under the *Brillhart/AmSouth Bank* abstention doctrine?

2.   The *Colorado River* abstention doctrine permits a federal court to decline jurisdiction in favor of a parallel state-court proceeding when, among other things, the federal plaintiff is forum-shopping, is creating the risk of piecemeal litigation through gamesmanship, state law provides the rule of decision, and state courts can protect the federal plaintiff's claims. Because these factors all support abstention in favor of Elara's state-court lawsuit should the Court decline to hear Deary's federal complaint?

3.   Deary's "substantive" claims seek to recover damages arising out of litigation costs and collateral harm Deary claims to have suffered from Elara's lawsuits against third parties. Because Michigan has held that the filing of lawsuits, even allegedly groundless ones, do not support liability or damages measured by the direct or indirect costs of litigation, should the Court dismiss those counts for failure to state a claim?

4.   Under the *Iqbal/Twombly* standard, Deary must set forth enough factual content to state a plausible claim. Here, her complaint contains no facts that could plausibly establish key elements of her tortious interference, unjust enrichment, and declaratory relief claims. Should the Court dismiss these counts for failure to adequately plead valid claims?

# Table of Contents

Statement of the Issues Presented ................................................................ i

Controlling or Most Appropriate Authorities ........................................... iv

Background ....................................................................................................1

Argument.......................................................................................................3

I.      The Court should dismiss the lawsuit under the
        *Brillhart/AmSouth Bank* five-factor test applicable to
        declaratory judgment claims...................................................................4

II.     The Court should alternatively dismiss the lawsuit under the
        *Colorado River* abstention doctrine.....................................................6

        1.      Deary's creation of piecemeal litigation with her federal
                complaint is the product of gamesmanship and forum
                shopping. ....................................................................................8

        2.      Deary's complaint raises state-law claims, and the state
                court can adequately protect Deary's rights.........................10

        3.      The remaining factors, where applicable, further support
                abstention or do not outweigh the factors cited above.......12

III.    If the Court does not abstain from exercising jurisdiction under
        *Brillhart/AmSouth Bank* and/or *Colorado River*, it should
        dismiss on the merits, as Deary does not state any viable claims. ...............13

        A.      Michigan does not permit a party to sue for collateral
                damages arising out of the filing of a lawsuit. ....................13

        B.      Deary does not state any claims for interference or unjust
                enrichment *unrelated* to Elara's filing of lawsuits.............17

                1.      Deary has not pled claims for interference arising
                        out of "disparaging" comments. ...............................17

                2.      Deary does not plead facts supporting other
                        elements of tortious interference...............................19

3.      Deary does not plausibly plead facts to support an
        unjust enrichment claim.............................................................20

C.     If the Court declines to dismiss this action in its entirety,
       it should at least dismiss the count seeking declaratory
       relief.................................................................................................22

Conclusion .................................................................................................25

## Controlling or Most Appropriate Authorities

### Cases

*Alfa Laval, Inc. v. Travelers Cas. & Sur. Co.*,
    2010 WL 2293195 (E.D. Va. June 3, 2010) ..........................................................5

*AmSouth Bank v. Dale*,
    386 F.3d 763 (6th Cir. 2004) ...................................................................................4

*Amway Corp. v. Procter & Gamble Co.*,
    346 F.3d 180 (6th Cir. 2003) .................................................................................17

*Bailey v. Columbus Bar Ass'n*,
    25 F. App'x 225 (6th Cir. 2001) ..............................................................................4

*Belle Isle Grill Corp v. City of Detroit*,
    256 Mich. App 463 (2003) ............................................................................. 21, 22

*Brillhart v. Excess Ins. Co. of Am.*,
    316 U.S. 491 (1942) ..................................................................................................4

*Buck v. Thomas M. Cooley L. Sch.*,
    597 F.3d 812 (6th Cir. 2010) .................................................................................15

*Cartwright v. Garner*, 751 F.3d 752 (6th Cir. 2014) ................................................4

Colorado River Water Conservation Dist. v. United States,
    424 U.S. 800 (1976) ..................................................................................................7

*Dhooghe v. McLaren Health Servs.*, No. 09-12630,
    2010 WL 3037813 (E.D. Mich. July 12, 2010) ...................................................19

*Eagle Marine Indus., Inc. v. Conagra Foods, Inc.*,
    2006 WL 3253327 (S.D. Ill. Nov. 9, 2006) ..........................................................23

*Early Detection Ctr., P.C., v. New York Life Ins. Co.*,
    157 Mich. App. 618 (1986) ....................................................................................14

*Everest Nat'l Ins. Co. v. USAA Cas. Ins. Co.*,
    2018 WL 500287 (E.D. Mich. Jan. 22, 2018) ................................................5, 14

*Feldman v. Green*,
    138 Mich.App. 360 (1984) .....................................................................................20

*Focus Radio, Inc. v. Summit Radio, Inc.*,
   853 F. Supp. 252 (E.D. Mich. 1994)....................................................................11

*Ford Motor Co. v. Obsolete Ford Parts, Inc.*,
   318 F. Supp. 2d 516 (E.D. Mich. 2004) ............................................................17

*Grammar, Inc. v. Custom Foam Systems, Ltd.*,
   482 F. Supp. 2d 853 (E.D. Mich. 2007) ..............................................................7

*Health Call of Detroit v. Atrium Home & Health Care Servs., Inc.*,
   268 Mich. App. 83, 706 N.W.2d 843 (2005)......................................................19

*Karaus v. Bank of New York Mellon*,
   300 Mich. App. 9 (2012) ...................................................................................21

*Kreinberg v. Dow Chem. Co.*,
   2007 WL 2782060 (E.D. Mich. Sept. 24, 2007) ...............................................23

*Lakeshore Cmty Hosp., Inc. v. Perry*,
   212 Mich. App. 396 (1995) ...............................................................................18

*McCreary v. Shields*,
   333 Mich. 290 (1952) ........................................................................................21

*Meyer v. Hubbell*,
   117 Mich. App. 699 (1982) ...............................................................................18

*Mino v. Clio School District*,
   255 Mich. App. 60, 661 N.W.2d 586 (2003)......................................................20

*Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*,
   460 U.S. 1 (1983)........................................................................................ 10, 11

*Nationwide Affordable Hous. Fund 27, LLC v. Urb. 2004 Holding
   Co.*,
   2020 WL 3642575 (S.D. Ohio July 6, 2020)........................................................5

*Northland Ctr. Michigan, LLC v. City of Southfield*,
   2017 WL 1544102 (E.D. Mich. Apr. 28, 2017) .................................................23

*Oesterle v. Wallace*,
   272 Mich. App. 260 (2006) ...............................................................................18

*Orleans Int'l, Inc. v. Mistica Foods, L.L.C.*,
   2016 WL 3878256 (E.D. Mich. July 18, 2016) ...................................................23

*PaineWebber, Inc. v. Cohen*,
   276 F.3d 197 (6th Cir. 2001) ......................................................... 11, 12

*Penn, LLC v. Prosper Bus. Dev. Corp.*,
   600 F. App'x 393 (6th Cir. 2015) ...................................................16

*Preston v. Eriksen*,
   106 F.3d 401 (6th Cir. 1997) (table) ...................................................8

*Ratte v. Corrigan*,
   989 F. Supp. 2d 565 (E.D. Mich. 2013) ...........................................23

*Ritli v. Pizza Hut*,
   2014 WL 1783988 (E.D. Tenn. May 5, 2014)...................................13

*Romine v. Compuserve Corp.*,
   160 F.3d 337 (6th Cir.1998) .......................................................7, 8

*Rossi v. Gemma*,
   489 F.3d 26 (1st Cir. 2007).............................................................23

*Rouse v. DaimlerChrysler Corp.*,
   300 F.3d 711 (6th Cir. 2002) ..........................................................11

*Saab Auto. AB v. Gen. Motors Co.*,
   953 F. Supp. 2d 782 (E.D. Mich. 2013) ...........................................20

*Schechner v. Whirlpool Corp.*,
   237 F. Supp. 3d 601 (E.D. Mich. 2017) ...........................................21

*Scottsdale Ins. Co. v. Flowers*,
   513 F.3d 546 (6th Cir. 2008) .........................................................23

*Smith v. Fergan*,
   181 Mich. App. 594 (1989) ...........................................................18

*Smith v. Gen. Motors LLC*,
   988 F.3d 873 (6th Cir. 2021) ...........................................................4

*Swenson-Davis v. Martel*,
  135 Mich. App. 632 (1984) ...................................................................18

*Trent v. Nat'l City Bank of Indiana*,
  145 F. App'x 896 (5th Cir. 2005) ..........................................................5

*Young v. Motor City Apartments Ltd. Dividend Hous. Ass'n No. 1 &
  No. 2*,
  133 Mich. App. 671 (1984) ...................................................................16

**Statutes**

28 U.S.C. § 2201 .......................................................................................23

**Other Authorities**

5B Wright & Miller § 1350 (3d ed.) ..........................................................4

**Rules**

Fed. R. Civ. P. 12(b)(1)..............................................................................4

Plaintiff Cheri Lyn Deary has filed an amended complaint in a desperate attempt to keep this lawsuit going just long enough for a hearing on her state-court motion to dismiss Elara's state-court complaint. But nothing has fundamentally changed. The same abstention doctrines that required dismissal of the original complaint apply to the amended complaint. And Deary's amended complaint still fails to plead plausible claims for relief under Michigan law. The premise of Deary's lawsuit continues to be that a Court or a jury should perform a collateral analysis of a half-dozen pending or resolved state and federal lawsuits that *Deary was not even a party to*, and pay Deary for the "harm" those suits personally caused her— something foreign to our system of jurisprudence. The Court should not allow Deary to manipulate the federal courts any longer. This motion should be resolved on an expedited basis, and the amended complaint should be dismissed.

## Background

The background of this case is set forth in more detail in Elara's original motion to dismiss, ECF No. 9, PageID.33-37, and need not be repeated in full here. But to summarize, Defendants Great Lakes Acquisition Corp. and Great Lakes Home Health Services, Inc. ("Elara" herein) are the Plaintiffs in a lawsuit against Cheri Lyn Deary and Careline, alleging breaches of Cheri Lyn Deary's non-competition and non-solicitation covenants with Elara, her tortious interference with the contracts of two Elara employees, and Careline's tortious interference with

Deary's agreement. *See* ECF No. 9-2. The state-court complaint arises out of, among other things, unequivocal evidence that Deary directly solicited Kasey Stump and Carolyn Ewing to work with Elara competitor Careline, and that Careline enlisted her to do so, despite Deary's agreement with Elara. *Id.* ¶¶ 62-78, 91; ECF No. 9-5, Stump Dep. 169-70; ECF No. 9-6, Ewing Dep 24-25, 113. While Deary says she is a Florida resident, Careline's member Joe Mead is a Michigan resident, as are the Elara plaintiffs, *see* ECF No. 9-2, ¶¶ 3-5, so there is no federal diversity jurisdiction.

When Elara received unequivocal evidence of Deary's breaches, it filed a motion to amend Elara's pending state-court lawsuit against Stump and Ewing to add Deary as a defendant. *See* ECF No. 9-7 & 9-8. Deary responded by filing this action, seeking a declaration that Elara does "not have valid claims against her, including the claims they are threatening to bring in state court." ECF No. 1.

Thereafter, the state court denied Elara's motion to amend in *Stump*, citing concern for the individual defendants, but acknowledged that Elara could file a new state-court lawsuit against Deary and that the court would be receptive to a motion to consolidate the cases later. *See* ECF No. 9-9. Elara filed the state-court complaint against Deary and then moved to dismiss this suit, citing the doctrine that a party cannot bring a declaratory judgment action to preempt a natural plaintiff from filing a coercive lawsuit. *See* ECF No. 9. That motion also cited *Colorado River* abstention doctrine and argued that Deary failed to state a claim. *Id.*

In response, Deary filed an amended complaint and a response to the motion to dismiss. ECF Nos. 11 & 12. The response did not dispute that the original complaint would have been subject to dismissal; rather, it asserted only—without citation to authority—that the Court no longer had discretion to dismiss the lawsuit because she amended it to add "substantive" claims. ECF No. 12, PageID.322. Deary then filed a motion for summary disposition in state court, arguing that because the federal lawsuit was filed first, the state-court complaint should be dismissed. *See* ECF No. 13-1. In that state-court motion, Deary conceded that, even after amending the federal complaint, the federal action "involves the same parties and revolves around the same basic claims asserted in" the state-court suit. *Id.* at PageID.338.

Elara filed a reply in support of the original motion to dismiss, citing among other things hornbook law for the proposition that Deary's amended complaint did not moot the motion to dismiss, and the Court could apply those grounds to the existing complaint. ECF No. 13. The Court has not indicated, as of this filing, whether it will deem the original motion to dismiss moot. Thus, Elara files this motion to dismiss addressing the amended complaint.

## Argument

Federal Rule of Civil Procedure 12(b)(1), allowing dismissal for lack of subject-matter jurisdiction, applies to abstention motions. *See* 5B Wright & Miller § 1350 (3d ed.) (recognizing abstention as a defense cognizable under Rule 12(b)(1));

*see also Bailey v. Columbus Bar Ass'n*, 25 F. App'x 225, 228 (6th Cir. 2001). Under Rule 12(b)(1), a district court has "discretion with respect to what evidence to consider in deciding whether subject matter jurisdiction exists, including evidence outside of the pleadings, and has the power to weigh the evidence and determine the effect of that evidence on the court's authority to hear the case." *Cartwright v. Garner*, 751 F.3d 752, 759–60 (6th Cir. 2014).

Under Rule 12(b)(6), a court must "consider all factual allegations to be true and construe inferences in the light most favorable to plaintiffs." *Smith v. Gen. Motors LLC*, 988 F.3d 873, 877 (6th Cir. 2021). But to survive a motion to dismiss for failure to state a claim under this Rule, a complaint "must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." *Id.* (quotation marks omitted).

## I.  The Court should dismiss the lawsuit under the *Brillhart/AmSouth Bank* five-factor test applicable to declaratory judgment claims.

Elara's original motion to dismiss set forth, in detail, the five-factor test—derived from *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 495 (1942)—that the Sixth Circuit applies in deciding whether to dismiss a declaratory judgment action. *See* ECF No. 9, PageID.37-44 (citing *AmSouth Bank v. Dale*, 386 F.3d 763 (6th Cir. 2004)). As Elara argued—and as Deary failed to dispute—all five factors supported dismissal: (1) state-court party Careline is not a party here; (2) this action serves no purpose, since Deary's claims can be adjudicated in Elara's coercive state-law suit;

-4-

(3) the declaratory action was filed out of procedural gamesmanship; (4) the federal suit creates friction with the state court; and (5) the state-court action is a more effective vehicles for resolving all the claims at issue. *See id.*

Deary's amendment to add nominally "coercive" claims does not change things. As Judge Steeh held in *Everest Nat'l Ins. Co. v. USAA Cas. Ins. Co.*, a court should not elevate form over substance by permitting a party to avoid dismissal by asserting non-declaratory claims that require the same federal-court adjudication of the pending state-law claims that the party previously sought through declaratory judgment. 2018 WL 500287, at *2 (E.D. Mich. Jan. 22, 2018); *accord, e.g.*, *Trent v. Nat'l City Bank of Indiana*, 145 F. App'x 896, 898 (5th Cir. 2005) (applying *Brillhart* abstention where "coercive" claim would "effectively require the court to interfere with" a state probate proceeding); *Nationwide Affordable Hous. Fund 27, LLC v. Urb. 2004 Holding Co.*, 2020 WL 3642575, at *4 (S.D. Ohio July 6, 2020) (dismissing action where plaintiff "dressed" its declaratory judgment claim "in coercive claim clothing"); *Alfa Laval, Inc. v. Travelers Cas. & Sur. Co.*, 2010 WL 2293195, at *5 (E.D. Va. June 3, 2010) ("non-declaratory claims" do not preclude dismissal when "liability is driven by the relief fashioned on the declaratory claims")

Here, Deary's "substantive" claims do just that. She says—without citing facts in support—that Elara's lawsuits improperly caused Elara a benefit, and caused her a detriment, because Elara's "claims… have no merit" and her conduct was

"lawful[] and proper[]." ECF No. 11, PageID.306, ¶¶ 18-19. And Deary claims that Elara's "numerous lawsuits and court proceedings against Ms. Deary" were "premised on false statements and personal attacks" that Deary "thwarted" at "great financial and emotional expense." *Id.* ¶ 5; *see also id.* ¶ 18 (claiming Elara forced "Deary to spend hundreds of thousands of dollars on legal fees to defend claims that have no merit"). In other words, Deary's damages claims depend on this Court first determining that Elara's state-court lawsuits lack merit.

The Court need not take Elara's word for it that this is Deary's tactic; Deary has said so herself. Despite adding interference and unjust enrichment claims— claims that *do not* appear in the state-court action—Deary's state-court summary disposition motion says that the amended federal lawsuit still "involves the same parties and revolves around the same basic claims" as the state suit. ECF No. 13-1, PageID.338. Yet she is still asking this Court to interfere with the adjudication of a state-law claim and declare that the state-court claims are invalid, with her requests for damages entirely dependent on, and flowing from, that demand for declaratory relief. She cannot avoid *Brillhart/AmSouth Bank* abstention by artfully re-pleading that claim to nominally seek damages relief. This action should be dismissed.

## II. The Court should alternatively dismiss the lawsuit under the *Colorado River* abstention doctrine.

In *Colorado River Water Conservation Dist. v. United States*, the Supreme Court held that "regard for federal-state relations" and regard for "conservation of

judicial resources and comprehensive disposition of litigation" warrant federal-court abstention from jurisdiction in certain cases. 424 U.S. 800, 817 (1976). The doctrine applies when state and federal proceedings are "parallel." *Romine v. Compuserve Corp.*, 160 F.3d 337 (6th Cir.1998). Exact "parallelism is not required; it is enough if the two proceedings are substantially similar." *Id.* at 340. Suits are parallel if "substantially the same parties are litigating substantially the same issues simultaneously in two fora." *Grammar, Inc. v. Custom Foam Systems, Ltd.*, 482 F. Supp. 2d 853, 857 (E.D. Mich. 2007).

If the two suits are parallel, the Sixth Circuit has identified several factors a federal court must consider in "deciding whether to defer to the concurrent jurisdiction of a state court," including:

(1) whether the state court has assumed jurisdiction over any res or property;

(2) whether the federal forum is less convenient to the parties;

(3) avoidance of piecemeal litigation;

(4) the order in which jurisdiction was obtained.

(5) whether the source of governing law is state or federal,

(6) the adequacy of the state court action to protect the federal plaintiff's rights

(7) the relative progress of the state and federal proceedings; and

(8) the presence or absence of concurrent jurisdiction

*Romine*, 160 F.3d at 340–41 (cleaned up). These "factors, however, do not comprise a mechanical checklist," and are not exclusive. *Id.* Another factor warranting

abstention is the plaintiff's attempts at forum-shopping. *Preston v. Eriksen*, 106 F.3d 401 (6th Cir. 1997) (table), 1997 WL 14418, at *4 n.3. Ultimately, a court must perform a "careful balancing of the important factors as they apply in a given case depending on the particular facts at hand." *Romine*, 160 F.3d at 340–41.

Under this doctrine, the two lawsuits are parallel. Deary has explicitly said so in her state-court motion for summary disposition. *Supra* at 3. All three parties here are parties in the state-court suit. *See* ECF No. 9-2. And Deary's amended complaint references the Elara state-court lawsuit, continuing to seek a declaration that those state-court claims are invalid. ECF No. 11, ¶¶ 6, 42-46 Turning to the *Colorado River* factors, every applicable factor weighs in Elara's favor.

**1. Deary's creation of piecemeal litigation with her federal complaint is the product of gamesmanship and forum shopping.** The most "paramount" factor in the *Colorado River* test is the danger of piecemeal litigation. *Romine*, 160 F.3d at 341. As the Sixth Circuit explained, in evaluating this factor, the "legitimacy of the court system in the eyes of the public and fairness to the individual litigants [is] endangered by duplicative suits that are the *product of gamesmanship* or that result in conflicting adjudications." *Romine*, 160 F.3d at 341 (emphasis added).

Here, there is no question that the federal lawsuit is driven by gamesmanship, and thus this critical factor weighs in favor of abstention. It is also a plain attempt at forum shopping, another a factor favoring abstention. *Supra* at 8. Deary, having

obtained a procedural dismissal without prejudice from this Court years ago, clearly thinks that this forum is of benefit to her. But Elara has the right to choose its forum and the claims it wishes to bring. Naturally, it sought to sue *both* Deary and Careline for the misconduct that they jointly were a part of, in state court—the only forum available to do so, given that both Careline and Elara are Michigan residents. *See supra* at 2. Since then, Deary has pulled out every stop imaginable to subvert the natural order of the litigation, with Elara as plaintiff against Deary *and* Careline.

Deary first said she was planning to remove the state-court case, despite Careline being a non-diverse party, on an utterly meritless "fraudulent joinder" theory. *See* ECF No. 1, ¶ 3. But she has removed that accusation from her amended complaint, *see* Ex. A ¶ 6 (redline comparison)—likely because it is frivolous. There was nothing fraudulent in suing Careline; Elara's claims against Careline arise out of the same set of facts as the claims against Deary, under well-established tortious interference law. ECF No. 9, PageID.47-48. Next, she filed a declaratory judgment action, even though Sixth Circuit law prohibits such actions when filed to preempt a coercive suit from a natural plaintiff like Elara. And when the untenable nature of the declaratory action became apparent, Deary amended to add damages claims.

Deary now tells this Court that her amendments sufficiently alter the scope of the federal complaint such that the Court no longer has "discretion to dismiss" her action, ECF No. 12, PageID.321, but she has *simultaneously* told the state court that

the amended federal action asserts the "same basic claims asserted in" the state-court suit. ECF No. 13-1, PageID.338. She is doing so because she believes, erroneously, that Michigan's rule against claim-splitting, MCR 2.116(C)(6), requires dismissal of the state-court suit based on the pendency of this improperly-motivated federal court action. *Id.* at 339. And she concedes to this Court that her gambit cannot succeed if this Court dismisses the request for declaratory relief. *Id.* at 340-41. There can be no real question that Deary filed the amended complaint in the hopes of buying time to accomplish what the Sixth Circuit has already held to be improper: using a federal declaratory judgment suit to preclude a natural plaintiff, Elara, from bringing a coercive suit in state court. Deary's demand that the federal court act as an accomplice in her scheme should weigh heavily against exercising jurisdiction here.

**2. Deary's complaint raises state-law claims, and the state court can adequately protect Deary's rights.**  Two more significant factors—the source of controlling law, and the adequacy of a state court forum—weigh heavily in favor of abstention as well. Deary's claims are exclusively state-law in nature; indeed, she cites only diversity as a basis for this Court's jurisdiction. *See* ECF No. 11, ¶ 11.  As the Supreme Court has recognized, the "presence in the suit of extensive rights governed by state law" supports dismissal. *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 16 (1983). This is particularly so when the state-law claims are unusual or novel. *See, e.g.*, *Focus Radio, Inc. v. Summit Radio, Inc.*, 853

F. Supp. 252, 255 (E.D. Mich. 1994). And Deary's claims are certainly unusual; she is claiming a state-law right to have a factfinder collaterally review the merits of Elara's lawsuits against third parties, and award Deary damages—including attorneys' fees incurred—because those lawsuits were invalid. Her allegations thus not only implicate Elara's right of access to the courts, but seek to contravene the "American Rule" regarding fee-shifting. So while, as discussed later, those claims are invalid under state law, a state court is better equipped to rule on them.[1]

Further, the "parallel state-court litigation will be an adequate vehicle for the complete and prompt resolution of the issues between the parties." *Moses H. Cone Memorial Hosp.*, 460 U.S. at 28. This factor likewise represents a strong basis for abstention. *PaineWebber, Inc. v. Cohen*, 276 F.3d 197, 208 (6th Cir. 2001). Here, even assuming that Deary's "substantive" claims were filed in good faith rather than as a ploy to extend the duration of this lawsuit, Deary is free to assert her meritless allegations as counterclaims against Elara, as a matter of right, in the pending state-court action when she files her answer there. And given that her "damages" claims are state-law claims, the state court is an adequate forum for their resolution.

---

[1]Indeed, the existence of a difficult state-law claim impacting state public policy may *alone* support abstention under the *Burford* abstention doctrine. *See Rouse v. DaimlerChrysler Corp.*, 300 F.3d 711, 716 (6th Cir. 2002). As discussed herein, Deary's claims *are* novel and implicate Michigan public policy. But resolving the claims should not be difficult. However, if the Court felt the state-law issues *are* difficult ones, then the grounds for abstention would be even more pronounced.

-11-

**3.     The remaining factors, where applicable, further support abstention or do not outweigh the factors cited above.** The remaining factors are either inapplicable (*e.g.*, this case does not involve a *res* or property) or else slightly favor—and certainly do not outweigh—the more compelling factors cited above.

With respect to timing and the progress of the cases, these factors are—at best for Deary—inconsequential given that Deary's federal lawsuit was filed a few days before Elara's. *See PaineWebber, Inc.*, 276 F.3d 197, 207 (6th Cir. 2001) (a two-day difference in filing dates is "insignificant"). But a court should not apply these factors mechanically; rather, it should consider the big picture. Elara was the first party to seek relief for these claims, filing a motion to amend and proposed complaint in the *Stump/Ewing* lawsuit; Deary's federal action was filed thereafter in an effort to defeat the motion to amend. Moreover, (1) the state court indicated that it would likely consolidate the state-court *Deary* lawsuit and the *Stump* lawsuit in the future; (2) the *Deary* and *Stump* cases are pending before the same state-court judge; and (3) in *Stump*, Deary is presently in the midst of providing a significant document production and will be deposed again, due to her failure to comply with a court order and deposition misconduct. ECF No. 9-14 & 9-15. From that perspective, the resolution of Elara's claims is significantly further along in state court than here.

Likewise, while not a significant factor, Jackson County Circuit Court is a more convenient forum than the federal court in Detroit. Deary has a residence and

office in Jackson, Michigan. ECF 9-2, ¶ 3. Both Elara parties are headquartered in Jackson. *Id.* ¶ 2. The Careline LLCs are likewise headquartered in Jackson. *Id.* ¶¶ 4-5. Key witnesses thus live in the Jackson area, and evidence is likely to be there. It would be slightly more convenient to all parties to adjudicate the case in Jackson rather than in downtown Detroit, approximately 80 miles away. *See, e.g.*, *Ritli v. Pizza Hut*, 2014 WL 1783988, at *2 (E.D. Tenn. May 5, 2014) (federal forum "slightly less convenient," which "weigh[ed] slightly in favor of abstention," where the federal court was about 20 miles further than state courthouse from the parties' location). This factor thus supports abstention too.

Thus, viewing the factors as a whole, nearly all of them support abstention. The Court should abstain from exercising jurisdiction and dismiss the case (or, at least, stay and administratively close it.)

## III. If the Court does not abstain from exercising jurisdiction under *Brillhart/AmSouth Bank* and/or *Colorado River*, it should dismiss on the merits, as Deary does not state any viable claims.

Even if the Court were to exercise jurisdiction, it should dismiss the amended complaint for failure to state a claim under Rule 12(b)(6).

### A. Michigan does not permit a party to sue for collateral damages arising out of the filing of a lawsuit.

At the outset, Deary's substantive claims should be dismissed because their fundamental premise—that Deary should be able to recover attorney's fees and other unspecified damages arising from Elara's lawsuits—has been rejected in Michigan.

The case of *Early Detection Ctr., P.C., v. New York Life Ins. Co.,* 157 Mich. App. 618 (1986) is directly on point. There, an insurance company had sued a medical center, but its claims were dismissed. *Id.* at 622. The medical center then sought to add various state-law tort claims to a separate lawsuit against the insurance company, including (1) intentional infliction of emotional distress claim, based on the filing of a groundless lawsuit; (2) malicious prosecution and abuse of process, claiming that the "special harm" element of those claims was satisfied by the "monetary effect the prior litigation had on the business" and "the cost of the litigation," and (3) intentional interference with a business relationship based on the "groundless" lawsuit that caused the center's doctor to draw "away from his medical practice and caused damage to his good will and reputation." *Id.* at 624-24.

The Michigan Court of Appeals held that the claims were futile, and subject to dismissal. It held that, rather than being "outrageous" behavior to support an IIED claim, "resorting to a court of law" is an "appropriate form of conduct." *Id.* at 627. It held that the alleged financial harms and litigation costs arising from the "filing of a groundless lawsuit" were not cognizable injuries for the abuse of process claim. *Id.* at 629. And it held that interference with a business relationship requires an allegation of "illegal, unethical, or fraudulent" conduct, but there "is nothing illegal, unethical, or fraudulent in filing a lawsuit, whether groundless or not." *Id.* at 631. None of the claims were thus actionable as a matter of law. *See id.*

-14-

This case is dispositive of Deary's amended claims. The tortious interference claim is directly foreclosed by the *Early Detection* case, which held that even a *groundless* lawsuit cannot support an interference claim. Thus, while Deary makes material misrepresentations in her complaint that Elara's lawsuits against Deary's former associates "have not prevailed," ECF No. 11, ¶¶ 5 & 25, those false allegations, even if taken at face value, do not matter.[2] Elara's filing of lawsuits cannot support a tortious interference claim.

Nor could Deary's unjust enrichment claim survive this analysis. Her claim, in full, is that "Defendants received an undue benefit from Plaintiff in that Plaintiff refrained from engaging in lawfully competitive conduct either during the term or after the expiration of her settlement agreement, as a result of Defendants' threatening actions and intimidation toward Plaintiff." ECF No. 11, ¶ 40. As discussed below, there does not appear to be any precedent whatsoever for raising

---

[2]As Elara discussed in the first motion to dismiss, (1) the *Sanders* and *Mooney* matters, involving the Deary-affiliated St. Croix Hospice in Minnesota, was resolved by a non-confidential settlement payment of $1.35 million to Elara; (2) Elara defeated Careline's summary disposition motion in the *VanDeusen* case, which is going to trial; (3) Elara obtained a significant case evaluation award in *Roncelli*, which is still pending; and (4) *Stump/Ewing* remains pending, and is the case where direct, irrefutable evidence of Deary's breaches of contract and tortious interference with Ewing's and Stump's contracts was discovered. *See* ECF No. 9, PageID.48; Ex. B (*Sanders/St. Croix* papers); Ex. C (*VanDeusen* ruling). While unnecessary to resolve the claim, "a court may take judicial notice of other court proceedings without converting [a Rule 12(b)(6)] motion into one for summary judgment." *Buck v. Thomas M. Cooley L. Sch.*, 597 F.3d 812, 816 (6th Cir. 2010).

an unjust enrichment claim under these circumstances. But even taking the claim at face value, *Early Detection* stands for the propositions that (1) there is nothing "unjust" about Elara filing a lawsuit, regardless of how Deary chose to react; and (2) as a matter of law, the alleged collateral harm to Deary's business interests and her litigation costs flowing from Elara's filing of lawsuits are not a cognizable injury.

Indeed, as the Court of Appeals noted in a similar case, it would be "unwise to arm all defendants who prevail in a prior action with an instrument of retaliation," or permit allegations "that a suit was brought solely to 'ruin' someone's business or reputation," an "exceedingly subjective assertion which any litigant could pose and which could be verified or disproven only upon a trial of the issue." *Young v. Motor City Apartments Ltd. Dividend Hous. Ass'n No. 1 & No. 2*, 133 Mich. App. 671, 677–78 (1984). It further held that "[e]very one has a right to use the machinery of the law, and bad motive does not defeat that right," even against an allegation that a lawsuit was brought with the "alleged purpose… of coercing the plaintiffs to discontinue their business." *Id.* at 682. Deary cannot avoid the logic of these cases by trying to fit her allegations into an "unjust enrichment" framework, rather than an abuse of process/malicious prosecution framework. *See Penn, LLC v. Prosper Bus. Dev. Corp.*, 600 F. App'x 393, 401-02 (6th Cir. 2015) (holding that unjust enrichment claim based on same facts as invalid tort claim, it "rises and falls" with the tort claim); *Ford Motor Co. v. Obsolete Ford Parts, Inc.*, 318 F. Supp. 2d 516,

518–20 (E.D. Mich. 2004) ("courts have consistently held that a claim that, at its core, alleges malicious prosecution, but is not labeled as such, should be dismissed from a lawsuit when an essential element cannot be established.") (citing cases).

> **B.    Deary does not state any claims for interference or unjust enrichment *unrelated* to Elara's filing of lawsuits.**

The Court should also dismiss the interference and unjust enrichment claims even if Deary were to switch gears and argue that this lawsuit can be justified *without* reference to Elara's litigation activities. But she has not stated plausible claims for relief for misconduct unrelated to the "harms" inflicted by litigation either.

**1.   Deary has not pled claims for interference arising out of "disparaging" comments.**   The only thing Deary claims to have personally suffered that even conceptually could have flowed from something other than the lawsuits is her reference to Elara "disparag[ing] her," with an unidentified person or persons saying that Deary "wrongfully profited off the backs of long-time employees and they were trying to do it again," and was "'pirating' business away from Defendants." ECF No. 11, ¶¶ 2, 22. Nothing else about the "disparagement" is mentioned. But this alleged "disparagement" cannot support her claims.

Regardless of how the cause of action is labeled, a party alleging harm arising from speech must establish the elements of defamation, and the defenses to defamation apply. *See, e.g.*, *Amway Corp. v. Procter & Gamble Co.*, 346 F.3d 180, 185 n.7 (6th Cir. 2003); *Lakeshore Cmty Hosp., Inc. v. Perry*, 212 Mich. App. 396,

401-405 (1995); *Meyer v. Hubbell*, 117 Mich. App. 699, 710 (1982). In Michigan, a defamation claim requires proof of "(1) a false and defamatory statement; (2) an unprivileged communication to a third party; (3) fault amounting to at least negligence on the part of the publisher; and (4) actionability of the statement." *Smith v. Fergan*, 181 Mich. App. 594, 596 (1989). One such privilege in Michigan relates to "any subject matter in which the party communicating has an interest… to a person having a corresponding interest or duty." *Swenson-Davis v. Martel*, 135 Mich. App. 632, 636 (1984). This privilege can only be overcome with a showing of "actual malice," *i.e.*, that the statement was made with knowledge of its falsity or reckless disregard for the truth. *Smith*, 181 Mich. App. at 597. And there is absolute privilege for statements made in judicial proceedings that are pertinent to the matters being tried. *Oesterle v. Wallace*, 272 Mich. App. 260, 264 (2006).

Deary has plainly failed to plausibly allege facts to support defamation. As naturally read, Deary's complaint appears to be referencing "disparaging" statements made during the legal proceedings themselves. *See* ECF No. 11, ¶ 5 (referencing "lawsuits and court proceedings… premised on false statements"); ¶ 21 (stating that Elara "wrongfully *alleged*" facts about Deary's involvement with Careline) (emphasis added). If so, those statements would be absolutely privileged, and Deary does not state a plausible claim for relief by claiming Elara said unkind things about her in court papers.

-18-

But if Deary is referencing *other* statements, her failure to plead facts as to what the statements were, when they were said, why they were false, the identity of the speaker, or the recipient of the information is fatal to her claim. *See Dhooghe v. McLaren Health Servs.*, No. 09-12630, 2010 WL 3037813, at *6 (E.D. Mich. July 12, 2010). Without pleading such basic facts, it is impossible to plausibly show that someone at Elara made false, communications to third parties, outside of court, by someone acting with at least a mental state of negligence, and that the speaker's statements were unprivileged due to actual malice. Deary's afterthought references to "disparagement" thus do not help her state a claim.

**2. Deary does not plead facts supporting other elements of tortious interference.** Deary also fails to plead basic elements of the tortious interference. Tortious interference requires a showing of "(1) the existence of a valid business relationship or expectancy that is not necessarily predicated on an enforceable contract, (2) knowledge of the relationship or expectancy on the part of the defendant interferer, (3) an intentional interference by the defendant inducing or causing a breach or termination of the relationship or expectancy, and (4) resulting damage to the party whose relationship or expectancy was disrupted." *Health Call of Detroit v. Atrium Home & Health Care Servs., Inc.*, 268 Mich. App. 83, 90, 706 N.W.2d 843, 849 (2005). And a plaintiff must also prove either "the intentional doing of a per se wrongful act or the intentional doing of a lawful act with malice and unjustified in

law for the purpose of invading plaintiff's contractual rights or business relationship." *Feldman v. Green*, 138 Mich.App. 360, 369 (1984). To do this, the "plaintiff must demonstrate, with specificity, affirmative acts by the defendant that corroborate the improper motive of the interference." *Mino v. Clio School District*, 255 Mich. App. 60, 78, 661 N.W.2d 586 (2003).

Deary comes nowhere close to pleading facts that would plausibly support relief under this standard. At most, here Deary makes a conclusory allegation that "[s]everal businesses in which she invested will no longer offer her opportunities in which to invest due to Defendant's conduct." ECF No. 11, ¶ 29. But she does not identify what those businesses were, let alone what expectancies Deary had with those businesses. She does not allege that *Elara* knew of these expectancies, which is a requirement for an interference claim. And Deary does not specify the nature of the interference with those expectancies—a critical fact, given that the most plausible reading of her complaint is that the "conduct" was Elara's non-actionable filing of lawsuits. She has failed to plead an interference claim. *See Saab Auto. AB v. Gen. Motors Co.*, 953 F. Supp. 2d 782, 792 (E.D. Mich. 2013) (dismissing at 12(b)(6) stage where parties "failed to allege specific, affirmative acts to corroborate... an improper motive"), *aff'd*, 770 F.3d 436 (6th Cir. 2014).

**3. Deary does not plausibly plead facts to support an unjust enrichment claim.** Likewise, Deary does not plead a valid unjust enrichment claim. Such a claim

requires proof of "(1) the receipt of a benefit by the other party from the complaining party and (2) an inequity resulting to the complaining party because of the retention of the benefit by the other." *Karaus v. Bank of New York Mellon*, 300 Mich. App. 9, 23 (2012). If these elements are established, "the law will imply a contract in order to prevent unjust enrichment." *Belle Isle Grill Corp v. City of Detroit*, 256 Mich. App 463, 478 (2003). "However, a contract will be implied only if there is no express contract covering the same subject matter." *Id.* And Michigan applies the doctrine only in "cases where the defendant directly receives a benefit from the plaintiff." *Schechner v. Whirlpool Corp.*, 237 F. Supp. 3d 601, 617 (E.D. Mich. 2017) (citing cases). These cases thus usually involve one party retaining money or property that justly belongs to another. *McCreary v. Shields*, 333 Mich. 290, 294 (1952).

Here, Deary's allegation is utterly novel, and fundamentally at odds with these understandings of what an unjust enrichment case. She claims that Elara "received an undue benefit from [Deary] in that [Deary] refrained from engaging in lawfully competitive conduct either during the term or after the expiration of her settlement agreement as a result of Defendants' threatening actions and intimidation towards Plaintiff." ECF No. 11, ¶ 40. On its face, this is a nonsensical assertion. What benefit, exactly, is Elara supposed to be retaining? It is certainly not money or property; Deary does not plead any *facts* to suggest that Elara obtained business that Deary refrained from taking—and, even if she had, that would not be a *direct* benefit

from Deary to Elara. For the same reasons, her payment of attorney's fees to her own lawyers is not a "direct" benefit to Elara, or even a benefit to Elara at all. And whatever Deary is talking about, how could Elara return that benefit when there is no allegation showing that Elara received anything?

Ultimately, the reason for the mysterious nature of Deary's novel claim is not difficult to understand. As Elara has argued all along, Deary is merely trying to dress up her declaratory judgment claim in unjust enrichment clothing. Implicit in her claim is that fear of litigation by Elara caused her not to engage in conduct that the contract did not forbid. But evaluating *that* claim would require knowing what Deary planned to do (she doesn't say), and whether that conduct was prohibited by Deary's contract or not. And when an express contract is involved, there can be no claim for unjust enrichment. *Belle Isle Grill Corp.*, 256 Mich. App. at 478. Deary has not set forth facts alleging a plausible unjust enrichment claim.

### C.   If the Court declines to dismiss this action in its entirety, it should at least dismiss the count seeking declaratory relief.

If the Court dismisses the tortious interference and unjust enrichment claims—leaving only the declaratory relief claim—then that count should be dismissed under the *Brillhart/AmSouth* doctrine. But even if the Court did not dismiss the interference and unjust enrichment claims, Deary's count seeking declaratory relief remains inappropriate, and should be dismissed under either Rule 12(b)(1) or 12(b)(6).

-22-

The Declaratory Judgment Act provides that "upon the filing of an appropriate pleading, *may* declare the rights and other legal relations of any interested party seeking such declaration, *whether or not* further relief is or could be sought." *Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 554 (6th Cir. 2008) (citing 28 U.S.C. § 2201) (emphasis added). That language thus gives the Court discretion to hear claims for declaratory *relief*; it is not an all-or-nothing proposition as Deary has suggested. *See Eagle Marine Indus., Inc. v. Conagra Foods, Inc.*, 2006 WL 3253327, at *2 (S.D. Ill. Nov. 9, 2006) (citing cases for the proposition that "it is reasonable to apply different abstention doctrines to separate claims in the same case"); *accord, e.g., Rossi v. Gemma*, 489 F.3d 26 (1st Cir. 2007) (applying *Brillhart* to dismiss declaratory count, and other doctrines to dismiss coercive claims). Courts in this district thus routinely dismiss declaratory judgment counts contained within broader complaints, when appropriate under the *Brillhart/Amsouth Bank* analysis.[3] For the reasons cited at Part I, the declaratory count serves no purpose.

Further, Deary *still* fails to plead facts that plausibly support her claim that Elara's state-court lawsuit is invalid under the *Twombly/Iqbal* standard, despite Elara's earlier identifying this fatal flaw. *See* ECF No. 9, PageID.44-46. Again, she

---

[3]*See, e.g.*, *Ratte v. Corrigan*, 989 F. Supp. 2d 565, 569 (E.D. Mich. 2013); *Northland Ctr. Michigan, LLC v. City of Southfield*, 2017 WL 1544102, at *4 (E.D. Mich. Apr. 28, 2017); *Orleans Int'l, Inc. v. Mistica Foods, L.L.C.*, 2016 WL 3878256, at *5 (E.D. Mich. July 18, 2016); *Kreinberg v. Dow Chem. Co.*, 2007 WL 2782060, at *7-8 (E.D. Mich. Sept. 24, 2007).

merely makes conclusory assertions that she "*attempted* to carefully conduct business so as to honor the restrictive covenants" in her agreement, ECF No. 11, ¶ 28, but she does not plead a single fact regarding *any* of that conduct—including the documented conduct with respect to her recruitment of Ewing and Stump to Careline that is at the heart of Elara's state-court lawsuit. As a result, she does not plead facts that permit a plausible inference that this conduct was *not* a breach of her non-competition and non-solicitation clauses with Elara. She fails to state a claim.

Dismissal of the declaratory count here is particularly appropriate under the circumstances. Deary's substantive claims could only conceivably survive if they can be sustained without reference to Elara's state-court claims against Deary as the basis of the harm. *See supra* at Part III.B. But her declaratory relief count rests entirely on the assertion that Elara's state-court claims have no merit and she did not breach her Agreement with Elara. ECF No. 11, ¶¶ 42-46. That serves no purpose in light of the ongoing state-court suit. Dismissing the declaratory judgment count would ensure that there is no overlap in claims between state and federal court—the state action will go on with respect to whether Deary breached her agreement with Elara, and the federal action will go forward with Deary's independent torts that are distinct from whether she breached her agreement. And it would also effectively preclude Deary's attempt to improperly use a federal lawsuit to interfere with state-court jurisdiction of a state-law claim under MCR 2.116(C), because the state and

-24-

federal lawsuits would not be "between the same parties involving the same claim." In short, Deary cannot have it both ways. Either the state and federal substantive claims are identical, meaning the federal suit should be dismissed, *see supra* at Parts I-II; or they are distinct, meaning that both lawsuits go forward simultaneously.

### Conclusion

It is time for this Court to put Deary's sham federal lawsuit to rest. Without a doubt, Deary—who has already been castigated by Judge LaFlamme for her deposition misconduct in *Stump*—thinks that this Court is a more favorable forum to her. But that is irrelevant. Elara is the natural plaintiff for these claims, and Elara has filed a substantive, comprehensive lawsuit against Deary *and* Careline in Jackson County, where the misconduct occurred. Jackson County Circuit Court has jurisdiction over Deary and Careline. This case involves state claims, and can and should be heard in state court. Elara's motion to dismiss should be granted.

Respectfully submitted,

/s/*Thomas J. Davis*
    Eric J. Pelton (P40635)
    Thomas J. Davis (P78626)
Kienbaum Hardy Viviano Pelton &
Forrest PLC
Attorneys for Plaintiff
280 N. Old Woodward Ave., Ste. 400
Birmingham, MI 48009
(248) 645-0000
epelton@khvpf.com
Dated: August 23, 2021    tdavis@khvpf.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 23, 2021, I served the foregoing document on the above listed attorneys of record through the Court's ECF system.


<u>*/s/ Michelle R. Beveridge*</u>
Michelle R. Beveridge,
 Legal Assistant
Kienbaum Hardy Viviano
  Pelton & Forrest, P.L.C.

422625