

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (the "Agreement") is made and entered into by and among Great Lakes Acquisition Corp. d/b/a Elara Caring, its predecessors, successors, assigns, parent and/or subsidiary companies or divisions ("Elara"), St. Croix Hospice, LLC, its predecessors, successors, assigns, parent and/or subsidiary companies or divisions ("St. Croix"), Joseph Mooney, on his own behalf, and on behalf of his heirs, executors, administrators, successors and assigns ("Mooney"), and Natasha Oginsky a/k/a Natasha Sanders, on her own behalf, and on behalf of her heirs, executors, administrators, successors and assigns ("Sanders"). Elara, St. Croix, Mooney, and Sanders are each a "party" and are collectively referred to as the "parties."

### RECITALS

WHEREAS, on April 29, 2015, Mooney entered into an Employment Agreement with Elara;

WHEREAS, Elara initiated the case captioned *Great Lakes Acquisition Corp. d/b/a Elara Caring v. Joseph Mooney and St. Croix Hospice, LLC*, Case No. 2020-180059-CB, which is currently pending in the Oakland County Circuit Court in Michigan (the "Mooney Action"), as well as the case captioned *Great Lakes Acquisition Corp. v. Natasha (Oginsky) Sanders*, Case No. 2:21-cv-10143-RHC-EAS, in the United States District Court, Eastern District of Michigan (the "Sanders Action");

WHEREAS, St. Croix, Mooney, and Sanders denied the allegations and contested any and all claims asserted by Elara in the Mooney Action and the Sanders Action;

WHEREAS, St. Croix, Mooney, and Sanders deny any liability, but are agreeing to resolve and settle the Mooney Action and the Sanders Action solely to avoid the cost of protracted litigation; and

13443240v6

WHEREAS, the parties have agreed to settle and compromise their outstanding disputes as described herein and enter into a full written settlement agreement.

NOW, THEREFORE, in consideration of the promises and the mutual covenants and provisions of this Agreement, the parties agree as follows:

1. **Settlement Payment**. Subject to this Agreement and in addition to the mutual promises, releases, covenants and warranties the parties make to each other herein as valuable consideration, St. Croix and Mooney agree to pay Elara, jointly and severally, the total sum of $1,350,000.00 (One Million Three Hundred Fifty Thousand and 00/100). The payment will be provided to Elara in one lump sum payment made via wire transfer to Elara to an account to be designated by Elara, such payment to be made in full within seven (7) days of the parties' execution of this Agreement.

2. **Releases of Claims**.

(a) **Elara**. In exchange for the consideration stated and acknowledged herein, Elara hereby fully releases, waives, and forever discharges St. Croix, Mooney, and Sanders from and against any and all causes of action, claims, and disputes of any kind or nature whatsoever, in law or equity, which were asserted or could have been asserted against the parties in the Mooney Action or the Sanders Action, whether known or unknown, occurring through the date on which the parties sign this Agreement.

(b) **St. Croix**. In consideration of Elara's release, waiver, and discharge, St. Croix hereby fully releases, waives, and forever discharges Elara from and against any and all causes of action, claims, and disputes of any kind or nature whatsoever, in law or equity, which were asserted or could have asserted in the Mooney Action, whether known or unknown, occurring through the date on which the parties sign this Agreement.

(c) **Mooney**. In consideration of Elara's release, waiver, and discharge, Mooney hereby fully releases, waives, and forever discharges Elara from and against any and all causes of action, claims, and disputes of any kind or nature whatsoever, in law or equity, which he asserted or could have asserted in the Mooney Action, whether known or unknown, occurring through the date on which the parties sign this Agreement.

(d) **Sanders**. In consideration of Elara's release, waiver, and discharge, Sanders hereby fully releases, waives, and forever discharges Elara from and against any and all causes of action, claims, and disputes of any kind or nature whatsoever, in law or equity, which she asserted or could have asserted in the Sanders Action, whether known or unknown, occurring through the date on which the parties sign this Agreement.

3. **No Release of Future Claims**. Nothing in this Agreement shall be construed to release any party from any claims for breach of this Agreement, or from any claims arising out of acts, omissions, or events occurring after the execution of this Agreement.

4. **Expiration of Mooney's and Sanders's Obligations**. Elara acknowledges and agrees that the obligations in Mooney's Employment Agreement expired as of October 12, 2020. Elara acknowledges and agrees that the obligations in Sander's Employment Agreement expired as of February 27, 2021. To be clear, any and all non-compete obligations Mooney or Sanders may have had under any agreement or law with Elara, are expired, extinguished and discharged.

5. **Affidavits of Destruction**. As a condition precedent to the releases contained in Paragraph 2 and Elara's entry into this Agreement:

(a) Mooney and Sanders shall provide executed affidavits in the form attached hereto as Exhibits A and B, respectively, attesting to the fact that he or she has made a diligent search for and has returned, deleted or destroyed any and all confidential and non-public Elara documents in

his or her possession, and, to his or her knowledge, he or she is no longer in possession of any confidential or non-public Elara documents, whether in hard copy, electronic format, or any other format; and

    (b)    St. Croix, through its counsel and at its own expense, will engage ComputerForensic Services to perform a search of St. Croix's server for Elara documents and permanently delete all such documents, if any, from St. Croix's server and ComputerForensic Services will provide an affidavit attesting to the deletion of such documents from St. Croix's server.

    6.    **Dismissal**. Upon satisfaction of Mooney, Sanders, and St. Croix's obligations pursuant to Paragraphs 1 and 5 of this Agreement, Elara agrees to dismiss with prejudice the Mooney Action and the Sanders Action by filing stipulations in the form attached as Exhibits C and D. Elara further agrees pursuant to Paragraphs 1 and 5 of this Agreement that it will not seek enforcement of the default judgment entered against Sanders on April 23, 2021 in the Sanders Action.

    7.    **Disputes**. The parties hereby agree that any disputes regarding the final settlement documents and/or disputes arising under the final settlement shall be submitted to Keefe Brooks for binding arbitration in accordance with the Michigan Arbitration Act.

    8.    **Non-Admission**. St. Croix, Mooney and Sanders expressly deny any and all liability to Elara. The parties agree that nothing in this Agreement is intended to be, nor shall be deemed to be, an admission of liability or wrongdoing, an admission of the existence of any facts upon which liability or wrongdoing could be based, or a waiver of any defense to any such liability or wrongdoing.

9. **Confidentiality**. The parties agree that the existence and terms of this Agreement, including the facts and circumstances leading up to the execution of this Agreement, shall NOT be confidential.

10. **Severability**. In case any one or more of the provisions of this Agreement should be determined invalid, illegal, or unenforceable in any respect, the validity, legality, and enforceability of the remaining provisions contained in this Agreement will not in any way be affected or impaired thereby, except by application of the provisions of the "Savings Clause" below.

11. **Assignability**. This Agreement shall be binding upon and shall inure to the benefit of the parties and their respective successors and assigns.

12. **Governing Law**. This Agreement shall be construed and interpreted in accordance with the laws of the State of Michigan, without regard to conflicts of law provisions.

13. **Savings Clause**. The parties agree that the scope and terms of this Agreement are reasonable and it is the parties' intent and desire that this Agreement be enforced to the fullest extent permissible under the laws and public policies applied in the jurisdiction in which enforcement is sought. If any particular provision of this Agreement shall be adjudicated by Keefe Brooks pursuant to Paragraph 7 of this Agreement to be invalid or unenforceable, the parties authorize Keefe Brooks to edit the invalid or unenforceable provision to allow this Agreement, and the provisions thereof, to be valid and enforceable to the fullest extent allowed by law.

14. **Entire Agreement**. This Agreement sets forth the entire agreement between the parties hereto and fully supersedes any and all prior or contemporaneous agreements or understandings, written or oral, between the parties pertaining to the subject matter of this Agreement, which remain in full force and effect as noted above.

15. **Legal Review.** The parties acknowledge that they have had the opportunity to consult with legal counsel of their choice in making the determination of whether to execute this Agreement and the parties represent they have so consulted.

16. **Voluntary and Knowing Action.** The parties acknowledge that they have read and understand the terms of this Agreement and that they are voluntarily and knowingly entering into this Agreement with full knowledge of its implications and without coercion or duress of any kind.

17. **Counterparts.** This Agreement may be executed in any number of counterparts. A photocopy, scanned or facsimile copy shall be deemed as valid as an original.

IN WITNESS WHEREOF the parties have caused this Settlement Agreement and Release to be executed on the date set forth below.

GREAT LAKES ACQUISITION CORP.
D/B/A ELARA CARING

Dated: 6/30/2021

By: [signature]
Its: CFO

Subscribed and sworn to before me on this 30 day of June, 2021.

[signature]
Notary Public

MARIA SCHIMMEL
Notary ID #131264816
My Commission Expires
August 30, 2021

6

13443240v6

ST. CROIX HOSPICE, LLC

Dated: 06/30/2021

By: _____

Its: CEO

Subscribed and sworn to before me
on this 30 day of June, 2021.

_____
Notary Public

Pamela D Harris
NOTARY PUBLIC
MINNESOTA
My Commission Expires Jan 31, 2026

7

13443240v6

# MINNESOTA NOTARY ACKNOWLEDGMENT

THE STATE OF MINNESOTA

COUNTY OF Washington

This instrument was acknowledged before me on 6/30/2021 (date)

by Heath Bartness (name of signatory).

_____

Notary Public Signature

Print Pamela D. Harris

Title Exec assistant.

My commission expires: Jan 31, 2026

Acting in the County of Washington



(Seal)

Page 1 of 1

Dated: 6/30/21

_____
Joseph Mooney

Subscribed and sworn to before me
on this 30 day of June, 2021.

_____
Notary Public

Geralyn Pettit
Notary Public, State of MI
County of Macomb
My commission expires Oct. 24, 2022
Acting in the County of Oakland

Dated: 6/30/2021

Natasha Oginsky a/k/a Natasha Sanders

Subscribed and sworn to before me
on this 30 day of June, 2021.

Notary Public

JULIO BLAS
NOTARY PUBLIC
Commonwealth of Virginia
Expires: October 31 2022
ID #: 7782838

416803

9

13443240v6

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

GREAT LAKES ACQUISITION CORP.,

    Plaintiff,

v.

NATASHA (OGINSKY) SANDERS,

    Defendant.

Case No. 21-cv-10143

Hon. Robert H. Cleland

Magistrate Judge Elizabeth A. Stafford

_____/

## STIPULATED ORDER OF DISMISSAL WITH PREJUDICE

WHEREAS the parties, stipulate and agree to the dismissal of Plaintiff's action in its entirety with prejudice, with each party bearing her or its own attorneys' fees and costs;

IT IS HEREBY ORDERED that this case is dismissed in its entirety with prejudice. Each party will bear her or its own costs.

IT IS SO ORDERED.

Dated: August 20, 2021

s/Robert H. Cleland
Hon. Robert H. Cleland
United States District Judge

AS STIPULATED AND AGREED:

| KIENBAUM HARDY VIVIANO PELTON, & FORREST, P.LC. | NATASHA (OGINSKY) SANDERS, *Pro Se* |
|---|---|
| By: /s/*Ryan D. Bohannon*<br>   Eric J. Pelton (P40635)<br>   Thomas J. Davis (P78626)<br>   Ryan D. Bohannon (P73394)<br>Attorneys for Plaintiff<br>280 N. Old Woodward Ave., Suite 400<br>Birmingham, MI 48009<br>(248) 645-0000<br>epelton@khvpf.com<br>tdavis@khvpf.com<br>rbohannon@khvpf.com | /s/Natasha (Oginsky) Sanders (w/permission)<br>Natasha (Oginsky) Sanders<br>Defendant<br>2451 Midtown Ave., Apt. 1608<br>Alexandria, VA 22303-1439 |

Dated: August 20, 2021

416772

# STATE OF MICHIGAN

## IN THE CIRCUIT COURT FOR THE COUNTY OF OAKLAND

GREAT LAKES ACQUISITION CORP.,
d/b/a/ ELARA CARING,

      Plaintiff,

v.

JOSEPH MOONEY and
ST. CROIX HOSPICE, LLC,

      Defendants.

Case No. 2020-180059-CB

Hon. Michael Warren

---

**KIENBAUM HARDY VIVIANO PELTON & FORREST, P.LC.**
By:  Eric J. Pelton (P40635)
       Thomas J. Davis (P78626)
       Ryan D. Bohannon (P73394)
*Attorneys for Plaintiff*
280 N. Old Woodward Avenue, Suite 400
Birmingham, MI 48009
(248) 645-0000
epelton@khvpf.com
tdavis@khvpf.com
rbohannon@khvpf.com

**GREENBERG TRAURIG**
By:  Jonathan L. Sulds
*Attorneys for Plaintiff*
MetLife Building
200 Park Avenue
New York, NY 10166
(212) 801-9200
suldsj@gtlaw.com

**DICKINSON WRIGHT PLLC**
By: Daniel D. Quick (P48109)
     Scott R. Knapp (P61041)
*Attorneys for Defendants*
2600 W. Big Beaver Road, Suite 300
Troy, MI 48084
(248) 433-7200
dquick@dickinsonwright.com
sknapp@dickinsonwright.com

**TAFT STETTINIUS & HOLLISTER**
By: Danielle W. Fitzsimmons
     Gregory J. Stenmoe
     Blair A. Harrington
*Attorneys for Defendants*
80 South 8th Street
2200 IDS Center
Minneapolis, MN 55402-2157
(612) 977-8924
DFitzsimmons@Taftlaw.com
GStenmoe@Taftlaw.com
BHarrington@Taftlaw.com

---

**STIPULATED ORDER TO DISMISS COMPLAINT WITH PREJUDICE**

Document Submitted for Filing to MI Oakland County 6th Circuit Court.

At a session of said Court, held in the City of Pontiac,
County of Oakland, State of Michigan,
on _____

PRESENT: HONORABLE MICHAEL WARREN, Circuit Court Judge

Upon stipulation of the parties and pursuant to MCR 2.504(A), and the Court being otherwise fully apprised of the premises:

WHEREAS the parties, through their respective attorneys, stipulate and agree to a dismissal of Plaintiff's action in its entirety with prejudice, with each party bearing its own attorneys' fees and costs; and

WHEREAS the parties further stipulate and agree that entry of this dismissal will resolve all pending claims and close the case.

IT IS HEREBY ORDERED that Plaintiff's action is dismissed in its entirety with prejudice. Each party will bear its own costs.

Entry of this order resolves all pending claims and closes the case.

IT IS SO ORDERED.

_____
Hon. Michael Warren, Circuit Court Judge

ocument Submitted for Filing to MI Oakland County 6th Circuit Court.

Stipulated to:

| | |
|---|---|
| KIENBAUM HARDY VIVIANO PELTON & FORREST, P.LC. | TAFT STETTINIUS & HOLLISTER |
| | |
| By: */s/ Ryan D. Bohannon* | By: */s/ Blair A. Harrington (w/permission)* |
|   Eric J. Pelton (P40635) |   Danielle W. Fitzsimmons* |
|   Thomas J. Davis (P78626) |   Gregory J. Stenmoe* |
|   Ryan D. Bohannon (P73394) |   Blair A. Harrington* |
| *Attorneys for Plaintiff* | *Attorneys for Defendants* |
| 280 N. Old Woodward Avenue, Suite 400 | 80 South 8th Street |
| Birmingham, MI  48009 | 2200 IDS Center |
| (248) 645-0000 | Minneapolis, MN 55402-2157 |
| epelton@khvpf.com | (612) 977-8924 |
| tdavis@khvpf.com | DFitzsimmons@Taftlaw.com |
| rbohannon@khvpf.com | GStenmoe@Taftlaw.com |
| | BHarrington@Taftlaw.com |
| | |
| Dated:  August 20, 2021 | Dated:  August 20, 2021 |

416766

3

ocument Submitted for Filing to MI Oakland County 6th Circuit Court.