# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| CHERI LYN DEARY, | Case No. 2:21-cv-11587 |
| Plaintiff, | Hon. Laurie J. Michelson |
| v. | Magistrate Judge Anthony P. Patti |
| GREAT LAKES ACQUISITION CORP. d/b/a GREAT LAKES CARING and GREAT LAKES HOME HEALTH SERVICES INC, | |
| Defendants. | |

| | |
|---|---|
| THE MILLER LAW FIRM, P.C.<br>By: E. Powell Miller (P39487)<br>    Marc L. Newman (P51393)<br>    Kevin F. O'Shea (P40586)<br>950 West University Drive, Suite 300<br>Rochester, Michigan 48307<br>(248) 841-2200<br>epm@millerlawpc.com<br>mln@millerlawpc.com<br>kfo@millerlawpc.com | KIENBAUM HARDY VIVIANO PELTON & FORREST, P.LC.<br>By:  Eric J. Pelton (P40635)<br>    Thomas J. Davis (P78626)<br>Attorneys for Plaintiffs<br>280 N. Old Woodward Ave. Ste. 400<br>Birmingham, MI  48009<br>(248) 645-0000<br>epelton@khvpf.com<br>tdavis@khvpf.com |

**Defendants' Reply Brief in Support of Motion to Dismiss Plaintiff's First Amended Complaint Under Rules 12(b)(1) and 12(b)(6)**

## Introduction

If there were any question that Deary's lawsuit is a sham, filed in a bad-faith effort to manipulate this federal court to the detriment of the state court, her response to Elara's motion to dismiss confirms it. Although Elara has sued both her *and* Careline for inextricably intertwined conduct—Deary and Careline's interference with the employment agreements of former Elara employees Stump and Ewing—Deary insists that she may arrogate to herself the right to hand-pick the forum that will hear the claims against *her*, and that Elara's suit against Careline will need to "proceed without her." This is the very definition of piecemeal litigation, and only confirms that the federal court should abstain from hearing this lawsuit.

Even if the Court did not abstain, however, it should dismiss. Deary admits that her coercive claims seek damages for Elara's "various lawsuits and the monetary lost [*sic*] associated therewith," but concedes that she cannot state a claim on such a theory under Michigan law. *See* Resp. Br. 15-23 (admitting that Elara "accurately set forth the holding" of Michigan authority to that effect). So, with her lawsuit-related damages claim dead in the water, she instead seizes on ambiguous language in a single paragraph of her complaint and claims that she now wants damages for "disparaging" comments made about her. But she comes nowhere close to stating a claim for damages based on alleged speech. Without those claims, this case is back to square one: a standalone declaratory judgment count that does not state a claim

-1-

for relief, and that cannot survive now that a parallel coercive lawsuit has been filed by the natural plaintiff Elara in state court. The federal lawsuit should be dismissed.

## Argument

I. **The Court should dismiss this lawsuit under either the *Brillhart* or *Colorado River* abstention doctrines.**

Deary's brief, notably, does not deny that if *Brillhart* abstention were applied, her declaratory relief claim should be dismissed. And she concedes that courts within this jurisdiction have readily applied that doctrine to declaratory-judgment *counts*, and even coercive-claim counts when, like here, those counts are merely artful rewordings of the claim for declaratory relief. *See Everest Nat'l Ins. Co. v. USAA Cas. Ins. Co.*, 2018 WL 500287, at *2 (E.D. Mich. Jan. 22, 2018). That is precisely what she did here. So, faced with unhelpful law, she found some out-of-circuit authority holding otherwise and demands that this Court apply that law instead, for no other reason than it helps her. The Court should decline this invitation to break with decisions from fellow judges of this district, and for the reasons set forth in the opening brief apply *Brillhart* abstention to the entire action—or, at least, the declaratory judgment count which Deary still cannot justify as a matter of law.

In any event, the out-of-circuit cases that Deary attempts to rely on merely hold, at best, that abstention should be determined under the *Colorado River* doctrine. That doctrine applies here. Deary concedes that this action is "parallel" to the state-court action, ECF No. 17, PageID.443, thus triggering an examination of

the *Colorado River* factors. She nonetheless asks this Court to decline abstention claiming that the factors weigh against it. In so doing, she ignores that not all *Colorado River* factors are equal, and the ones she emphasizes are inconsequential in comparison to the factors that weigh heavily in favor of abstention.

Take, for instance, the "paramount" *Colorado River* factor: the interest in avoiding piecemeal litigation and forum shopping. *Romine v. Compuserve Corp.*, 160 F.3d 337, 341 (6th Cir. 1998). Deary relegates this factor to third in line behind two "irrelevant" factors, geographic convenience and whether the action involves property. See *Moses H. Cone,* 460 U.S. at 29 (holding that these "factors were irrelevant, as the case did not involve jurisdiction over any res or property and the federal and state forums were equally convenient"). When she finally does discuss the all-important piecemeal-litigation factor, Deary omits a critical fact that tilts this factor heavily towards abstention: Regardless of what happens to the claims against Deary in state court, Elara's claims against the co-defendant Careline entities *will* proceed in state court. Requiring Elara to put on essentially the same case, for the same joint misconduct, with the same witnesses (*including Deary herself*), but in two different courts is the very essence of piecemeal litigation.

Likewise, Deary's decision to rush to federal court with a declaratory judgment action, after Elara had already signaled its intent to bring claims against Deary and Careline in state court is the very essence of forum shopping. Deary's

retort—that *Elara* is the one who is forum shopping—requires only brief comment. Elara filed a comprehensive lawsuit involving joint misconduct, raising only state-law claims, in state court, in the venue where the misconduct occurred. There was nowhere else for Elara to "shop" its lawsuit; federal court was not an option because the defendants are not completely diverse.[1] This case is a prime candidate for either *Brillhart* or *Colorado River* abstention, and the Court should decline to entertain Deary's transparent attempt to interfere with a state court's jurisdiction and defeat Elara's right to choose its forum and its claims.

## II.  Deary likewise fails to plead enough facts to sustain any of her claims.

As Elara argued, Michigan does not permit suits for collateral damages arising out of the filing of lawsuits. Deary concedes this, admitting that Elara "accurately set forth the holding" to that effect in *Early Detection Ctr., P.C., v. New York Life Ins. Co.,* 157 Mich. App. 618 (1986), and declining to argue that she can state a claim for damages based on Elara's lawsuits. *See* Resp. Br. 15-23 & n.10. She also concedes that her claims do, in fact, rest on Elara's filing of lawsuits. *See id.*

---

[1] Implicit in Deary's argument is that because Elara's 2018 suit against Deary ended up in federal court (because Deary removed it), Elara is *forever* required to sue Deary in a federal forum, even on state-law claims where there is no diversity jurisdiction over all defendants. This notion flies in the face of both general federalism principles, and the well-established right of a plaintiff to plead its complaint to stay in state court. *See Holmes Grp., Inc. v. Vornado Air Circ. Sys., Inc.,* 535 U.S. 826, 831 (2002). If Deary had a single case supporting her farfetched argument that by invoking removal jurisdiction in one lawsuit, she can permanently require Elara to bring all *future* lawsuits against her in federal court too, she would have cited it.

Nonetheless, in a last-ditch effort to save the substantive claims and avoid *Brillhart* abstention, Deary now claims that she also pled that the "wrongful act[s] underlying the tortious interference and unjust enrichment counts" are unspecified "disparaging comments" made *outside* of the litigation conduct, that she now says constituted defamation. Resp. Br. 16-17.[2] In particular, she relies on a paraphrased statement by an unidentified speaker that Deary and her family "somehow wrongfully profited off the backs of long-time employees and they were trying to do it again," and that "they were 'pirating' business away from Defendants." *See* Resp. Br. 16 & n.8 (quoting ECF No. 11, PageID 307, ¶ 22). This tactic should fail.

As Deary is relying on speech as the "unjust" or "tortious" conduct supporting her coercive claims, she must plead facts that would sustain a defamation claim—something she plainly did not do. *Amway Corp. v. Procter & Gamble Co.*, 346 F.3d 180, 185 n.7 (6th Cir. 2003); *Fielder v Greater Media, Inc*, No. 267495, 2006 WL 2060404, at *4 (Mich App July 25, 2006). Most importantly, the paraphrased language that she now relies on is not even defamatory as a matter of law; Deary's family *is* involved with Careline, and she is careful not to outright perjure herself by claiming she has never worked for Careline; instead, she only says she does not

---

[2] Deary's brief later misleadingly tries to add language to this paragraph that is not in the complaint, claiming that Paragraph 22 said "*that she was somehow engaged in illegal activity by 'pirating' business from Defendants*." Res. Br. 18-19 (emphasis in original.) In fact, that paragraph does not use the phrase "illegal activity."

-5-

"own" or "operate" it, ECF No. 17, PageID.436. Deary's complaint, then, is about how some unidentified speaker *characterized* the known facts; however, such claims are non-actionable opinion in Michigan. *Kevorkian v. Am. Med. Ass'n*, 602 N.W.2d 233, 239–40 (Mich. Ct. App. 1999). Deary does not allege actionable defamation.

Deary likewise fails to plead other basic facts necessary to plausibly establish defamation. This includes the actual speaker,[3] facts showing that the statement was unprivileged—which is part of her burden of proof—and fault amounting to at least negligence. *See Smith v. Fergan*, 181 Mich. App. 594, 596 (1989) (setting forth elements). She further ignores Elara's arguments regarding the general pleading requirements for tortious interference, including her need to plead that Elara *knew* of the interests being interfered with, and the specific nature of the interference. *See* ECF No. 15, PageID.376. And she ignores that unjust enrichment claims involve direct receipt of money or property, and cannot survive when the conduct in question involves an express contract. *Id.* at 377-78. Without these tort claims, all that is left is a standalone declaratory judgment claim, subject to *Brillhart* abstention.

But, ultimately, the Court could dismiss even the declaratory judgment count for failure to plead sufficient facts. Deary admits that she makes an extraordinarily

---

[3] Deary's claim that "Defendants" are the speaker, ECF No. 17, PageID.455, ignores that Defendants are corporations. Without identifying the human being(s) who spoke, Deary cannot state a claim. *Henry v. Outback Steakhouse of Fla., LLC*, 2017 WL 1382292, at *10 (E.D. Mich. Apr. 18, 2017) (plaintiff's failure to "identify the alleged speaker . . . would likely be a sufficient basis to dismiss the claim").

broad request for relief—a declaration that she *never* breached her contract with Elara. ECF No. 17, PageID.459. She also admits that she plead *nothing* factual to substantiate that. *Id.* Instead, she claims—without citation to authority—that she does not have to, because she cannot "prove the negative." *Id.* This argument is logically incorrect; there is only a finite set of business dealings Deary could have performed in the territories and industry her non-compete covered, and she could easily plead facts identifying those dealings and explaining why they were permissible. Deary also ignores that she specifically seeks a declaration that Elara's state-court allegations regarding her recruitment of Ewing and Stump are invalid, *see* ECF No. 11, ¶ 46, yet even as to this specifically-delineated conduct, Deary fails to state facts explaining why her challenged actions were not a breach.

## Conclusion

For these reasons, this Court should dismiss Deary's amended complaint.

Respectfully submitted,

/s/*Thomas J. Davis*
  Eric J. Pelton (P40635)
  Thomas J. Davis (P78626)
Kienbaum Hardy Viviano Pelton & Forrest PLC
Attorneys for Plaintiff
280 N. Old Woodward Ave., Ste. 400
Birmingham, MI 48009
(248) 645-0000
epelton@khvpf.com
tdavis@khvpf.com

Dated:  September 27, 2021

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 27, 2021, I served the foregoing document on the above listed attorneys of record through the Court's ECF system.

/s/ *Michelle R. Beveridge*
Michelle R. Beveridge,
 Legal Assistant
Kienbaum Hardy Viviano
  Pelton & Forrest, P.L.C.

422625